CASE 64—TURNPIKES, TAXATION—NOVEMBER 22, 1884.

# Frankfort, Lexington and Versailles Turnpike Co. v. The Commonwealth.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. The act of the General Assembly of March 17. 1876, authorizing the taxation of turnpike roads for county purposes, is constitutional.
2. It can not be supposed that the Legislature did not intend, by the term

Frankfort, Lexington and Versailles Turnpike Co. v. The Commonwealth.

"property," to include the interest of a company in a turnpike road, and that it only referred to the small amount of property they owned outside of the road.   This is unreasonable.

D. L. THORNTON FOR APPELLANT.

1. The circuit court erred in refusing to correct the assessment for each of the years from 1876 to 1883, inclusive.
2. In deciding that appellant's road or its franchises or any part of its property in Franklin county is subject to taxation for county purposes in that county.   (Gen. Stat., 984–5; *Ib.*, chapter 92, article 8, section 28; Cooley Const. Lim., 546; Minor's Institutes, volume 1, 575; Gen. Stat. chapter 92. article 7, section 2, article 4, section 4, article 12, section 2; Session Acts, April 10, 1878; Gen. Stat., page 1256, as to appeals; 16 Pick 175, 3 Bush. 630; 14 *Ib.*, 425; 1 *Ib.*, 255.)

IRA & W. H. JULIAN FOR APPELLEE.

1. How can it be supposed that the Legislature intended any thing else than that which the language of the act of 1876 imports?
2. The term " property " is one of a definite and well-known signification, and it is not reasonable that the Legislature used the term in a novel or unauthorized sense.
3. Turnpikes, as well as toll-gates and toll-houses, are property, according to the common and approved usage of our language.
4. The assessment of this property tends to equalize taxation, which its exemption would not.
5. If a railroad with the company's interest in the land over which it passes is appreciable as property, certainly a turnpike road with the company's interest in the land over which it passes is property, and, as such, is taxable.   (Gen. Stat., 984; Blackstone book 2, page 1; Gen. Stat., section 2, article 12, chapter 92; 14 Bush, 390; Gen. Stat., chapter 21, section 17; Lincoln City Court v. L. & N. R. R. Co., Law Rep., 1881; 1 Bush, 256; 7 Mon., 260; Gen. Stat., chapter 92, article 4, section 4.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The portion of the appellant's turnpike road, located in Franklin county, having been assessed for an *ad valorem* tax for county purposes, for the years from 1876 to 1883, inclusive, at a valuation of $5,000, the company asked the Franklin County Court to correct it, first, because it was illegal and unauthorized; and, secondly, because if authorized, the valuation was too

high. The motion being heard, was overruled, and the appellant appealed to the Franklin Circuit Court, and the law and facts having been submitted to the circuit judge, he decided that the act of the Legislature of March 17, 1876 (see General Statutes, page 881), authorizing the taxation of turnpike roads for county purposes was constitutional; that so much of the appellant's road as was situated in Franklin county, and the franchises thereof and any property connected with it, belonging to the company, were liable to assessment and taxation for county purposes; sustained the valuation that had been fixed; and in all respects affirmed the judgment of the county court.

The testimony does not, in our opinion, authorize this court to interfere with the valuation, sanctioned as it is already by the judgment of two courts.

In the cases of Applegate, &c., v. Ernst, 3 Bush, 648, and Graham, &c., v. Mt. Sterling Coal Road Company, 14 Bush, 425, and perhaps some other cases, it has been said that a railroad is an entirety, and is not a fit subject for local taxation by the counties through which it passes. In some of the cases these statements were *dicta;* while in others the opinions were rendered before the enactment of the law in question.

In the case of the Lincoln County Court v. L. & N. R. R. Co., 3 Ky. Law Rep., page 436, however, its constitutionality came directly in question, and was, as we think, properly upheld.

The protection of property by the government creates the obligation of the property owner to pay the tax, and this applies to the county as well as the State. The more money the county judiciously expends, the

.greater benefit he receives, and this is equally as true of artificial as of natural persons. The revenue laws should apply equally to both, and we perceive no reason why the property of a turnpike company, like that of the individual, should not aid in the support of both the county and State governments.

It is urged, however, that a proper construction of the act in question does not authorize the taxation of the appellant's road, and that even if taxable it is only so in the county where its officers reside.

The act directs that when an *ad valorem* tax is ordered by a county court it shall be assessed upon "*all the property*" in the county not specifically exempted; and expressly provides for the assessment of "*all* the property*" of turnpike roads.

It can not be supposed that the Legislature did not intend by the term "property" to include the interest of a company in a turnpike road, and only referred to what little property it usually owns aside from it. By section 17, chapter 21, of the General Statutes, it is provided that "all words and phrases shall be construed and understood according to the common and approved usage of language."

The term "property" in its broad sense includes even a franchise; and considering the amount of capital invested in railroads, turnpikes and other works to which this act by its terms expressly applies, and the fact that its title is "An act to make taxation equal and uniform in counties where an *ad valorem* tax is levied by the county court," there can be no doubt that the word "property" was used in its broadest sense; and, keeping in view both the title and the body

of the act, it is clear beyond question, that it was not intended, if a turnpike extended through a dozen counties that one of them should derive the benefit of the revenue arising from all of it simply because its officers happened to live there.

Not only the language of the act (which must be first looked to for its meaning), but its subject-matter and spirit forbid any such construction.

The taxation by the county of so much of such a road as lies within its borders will in no way impede its proper use by the owner or the public; and instead of any rule of policy forbidding it, the rule requiring at least approximate equality of taxation upon all property not specifically exempted, demands that it should contribute its proper proportion of the burden necessary to support the local government.

There is no law exempting it; and, in the absence of any, the general rule that *all* property is liable to taxation for both State and county purposes must prevail.

The judgment below is affirmed.