Jefferson County v. Board of Valuation and Assessment of Ky.

---

CASE 61—PETITION BY JEFFERSON COUNTY AGAINST THE BOARD OF VALUATION AND ASSESSMENT OF KENTUCKY FOR A MANDAMUS.— FEB. 4.

# Jefferson County v. Board of Valuation and Assessment of Kentucky.

| 117   531<br>¹122   287

APPEAL FROM FRANKLIN CIRCUIT COURT.

FROM A JUDGMENT DISMISSING THE PETITION, PLAINTIFF APPEALS. REVERSED.

TAXATION—RAILROADS—FRANCHISE TAX—LEASED LINES—JUDGMENTS —RES JUDICATA.

Held: 1. Kentucky Statutes, 1903, section 4077, provides for the payment of a franchise tax by railroads, express companies, chair and dining car companies, etc., to the State, and also a local tax to the county, city or taxing district. Section 4081 pro-

**532** KENTUCKY REPORTS. [Vol. 117

Jefferson County v. Board of Valuation and Assessment of Ky.

vides for the ascertainment of the franchise tax according to that proportion of the capital stock which the length of lines operated, owned, or leased in the State bears to the total mileage operated, owned, or leased, and the proportion of the tax to be paid in any locality is to be computed the same way. HELD, that a traffic arrangement by which one railroad obtains the right to use the tracks of another for a certain period of time at a certain rental, in order to obtain ingress to a terminal city, is a "lease," within the meaning of the statute, for the mileage operated under which the railroad is liable to pay a franchise tax.

2. A suit to enjoin the board of valuation and assessment from certifying any part of the franchises of a railroad to various counties for the purposes of local taxation, in which the issues were decided adversely to the railroad, was not a determination adverse to the right of another county, not a party to such suit, and the rights of which are not considered therein, to also tax the franchises of such railroad.

SAMUEL B. KIRBY, WM. CROMWELL AND C. C. MARSHALL, ATTORNEYS FOR APPELLANT.

POINTS AND AUTHORITIES.

1. Under section 4081, Kentucky Statutes, it is not necessary that a railroad company should own its railroad tracks or have a lease for the exclusive use of the tracks or right of way to render it liable to taxation upon its franchise to the county in which it "operates."

A contract for a period of one hundred years for the joint use of a track and right of way with another railroad company is a "lease." Kentucky Statutes, sec. 4081.

A proceeding by a railroad company to enjoin the board of valuation and assessment from apportioning franchise valuation to the counties and municipalities of the State, having been dismissed, can not be pleaded in bar to a subsequent action brought by a county against the members of said board to require them to apportion and certify the franchise valuation which may be due the county.

The question is concluded by Henderson County v. Henderson Bridge Company, 25 Ky. Law Rep., 425.

3. A judgment is conclusive only of the questions involved, and binds only parties and their privies. The record shows the parties to the injunction proceeding pleaded in bar, and also the questions considered. The various questions raised and the views of this court upon them are to be found in the opin-

tion styled    Southern Railway in Kentucky, *et al* v. Coulter, Auditor, 24 Ky. Law Rep., 203.

4. The assessment of the franchise of the Chesapeake & Ohio Railway Company having been made for State purposes, having been acted upon and having stood for years, the finding of the board of valuation and assessment can not be questioned in a collateral proceeding.   Henderson Bridge Co. v. Commonwealth, 17 Ky. Law Rep., 399.

5. By sections 4083 and 4084, Kentucky Statutes, it is provided that the assessment of a franchise "shall be final" thirty days after the hearing therein provided and the fixing of the values.

The powers of the board are then exhausted, and the assessments so fixed can not be changed.   Kentucky Statutes, secs. 4083, 4084.

6. There is no provision in the statutes for reassessing a franchise after it has once been assessed by the board of valuation and assessment.

7. It is the duty of the auditor to certify the valuation of the franchise of the railroad to the several counties, etc.   Kentucky Statutes, sec. 4084; Southern Railway in Kentucky v. Coulter, 24 Ky. Law Rep., 203.

T. L. EDELEN, FOR APPELLEES.

POINTS AND CITATIONS.

1. Under section 4081 of the Kentucky Statutes, the Chesapeake & Ohio Railway Company did not "own, operate, lease or control" any line of track between Lexington and Louisville, and consequently it owed no franchise tax to any of these counties.

2. This point was necessarily involved in an adjudication by this court in the case of Chesapeake & Ohio Railway Company v. the Board of Valuation and Assessment, and the judgment therein involving the duty of a public official, binds the State and those claiming in privity with it.   Southern Ry. in Ky., *et al* v. Coulter, Auditor, &c., 24 Ky. Law Rep., 203.

OPINION OF THE COURT BY JUDGE BARKER—REVERSING.

This action involves the right of Jefferson county to a mandamus against the board of valuation and assessment, compelling them to apportion and certify to that county its

proportionate part of the franchise of the Chesapeake & Ohio Railway Company for local taxation. There are two questions raised by appellees: First, that Jefferson county is not entitled to tax any part of the franchise in question, as an original proposition; second, that that question has been adjudicated against it in the cases originating in the Franklin circuit court, and passed upon by this court in the case styled "The Southern Railway in Kentucky, etc. v. Coulter, Auditor," 113 Ky., 657, 24 R., 203, 68 S. W., 873. These two questions will be discussed in their order.

Section 4077, Ky. St., 1903, is as follows: "Every railway company or corporation, and every incorporated bank, trust company, guaranty or security company, gas company, water company, ferry company, bridge company, street railway company, express company, electric light company, electric power company, telegraph company, press dispatch company, telephone company, turnpike company, palace car company, dining-car company, sleeping-car company, chair-car company, and every other like company, corporation or association, also every other corporation, company or association having or exercising any special or exclusive privilege or franchise not allowed by law to natural persons, or performing any public service, shall, in addition to the other taxes imposed on it by law, annually pay a tax on its franchise to the State, and a local tax thereon to the county, incorporated city, town and taxing district, where its franchise may be exercised. The Auditor, Treasurer, and Secretary of State are hereby constituted a board of valuation and assessment, for fixing the value of said franchise, except as to turnpike companies, which are provided for in section 4095 of this article, the place or places where such local taxes are to be paid by other corporations on their franchise, and how apportioned, where more than one jurisdiction is

Vol. 117]          JANUARY TERM, 1904.                    535

Jefferson County v. Board of Valuation and Assessment of Ky.

entitled to a share of such tax, shall be determined by the
board of valuation and assessment, and for the discharge
of such other duties as may be imposed on them by this
act.  The Auditor shall be chairman of said board, and shall
convene the same from time to time, as the business of the
board may require." Sections 4078-4081, provide the man-
ner by which the value of the franchise of the corporations,
for fiscal purposes, is ascertained.    Section 4081 is as fol-
lows:  "If the corporation organized under the laws of this
State or of some other State government be a railroad, tele-
graph, telephone, express, sleeping, dining, palace or chair
car company, the lines of which extend beyond the limits of
the State, the said board will fix the value of the capi-
tal stock, as hereinbefore provided, and that proportion of
the value of the capital stock, which the length of lines oper-
ated, owned, leased or controlled in this State, bears to the
total length of the lines owned, leased or controlled in this
State and elsewhere, shall be  considered in fixing the value
of the corporate franchise of such corporation liable for tax-
ation of this State and such corporate franchise shall be
liable to taxation in each county, incorporated city, town,
or district through, or into which, such lines pass, or are
operated, in the same proportion that the length of the line
in such county, city, town or taxing district bears to the whole
length of lines in this State."

The facts show that the Chesapeake & Ohio Railway Com-
pany on the first day of January, 1896, entered into a lease
or agreement with the Louisville & Nashville Railroad Com-
pany by which it acquired the right to, jointly with it, use
its line of railroad from Lexington to Louisville, Ky., for
the term of one hundred years, at an agreed rental of $60,000
per annum.    A copy of the lease or agreement is filed in the
record, and, without setting it out in full, we note the follow-

536                KENTUCKY REPORTS.            [Vol. 117

Jefferson County v. Board of Valuation and Assessment of Ky.

ing terms as expressive of the use which the two corporations were thereafter to have in the road in question: In what may be called the preamble, it is recited that, "whereas the second party (the Chesapeake & Ohio Railway Company) wishes to use in common with the first party that part of the railway of the first party between Louisville and Lexington, Kentucky," etc.   In the first part of the agreement it is said that "the first party hereby grants to the second parties, jointly and severally, the right to use jointly with the first party its line of railway," etc.; and in the sixth clause of the agreement the second parties accept the "grant of the right to jointly use the railway in question."   It is contended by appellee that this is not a lease, within the meaning of the statute, and, although the Chesapeake & Ohio Railway Company operates its trains, both freight and passenger, over the line of the Louisville & Nashville Railroad Company, from Lexington to Louisville, as freely and fully as if it owned the road, it can not be said that it owns, operates, leases, or controls it, within the meaning of section 4081 of the statutes, and therefore,  although the line in question passes through a portion of Jefferson county, the corporation can not be said to operate its franchise therein, within the meaning of the section of the statutes quoted; it being insisted that the agreement between the two roads of the joint use of the line is not a lease, but a "mere traffic arrangement."   It will be observed that section 4077, after enumerating the various classes of public utility corporations, among which is included railroads, provides that they "shall, in addition to the other taxes imposed by law, annually pay a tax on its franchise to the State, and a local tax thereon to the county, incorporated city, town and taxing district, where its franchise may be exercised."   When it is remembered that Louisville is one of the termini of the rail-

road in question; that it is the largest city in the State, having a population of over 200,000 inhabitants; and that this agreement, whether it be a lease, or "mere traffic arrangement," by which an annual rental of $60,000 is paid, was effected principally, if not solely, for the purpose of obtaining an entrance into the city—it is difficult to comprehend that method of reasoning which would hold that the corporation does not exercise its franchise therein. But we do not think that the language of section 4081 leaves any room for construction on this subject   Railroad corporations are not the only ones whose franchises are to be taxed under the statute.    Express companies, sleeping car companies, dining car companies, palace and chair car companies, and other like corporations, are all included in the list enumerating whose franchises are to be taxed, both for State and local purposes, wherever they are operated.    Now, if a railroad corporation is not to be considered as operating its franchise along and over a line which it does not own, or does not possess the exclusive right to use, but merely has a "traffic arrangement" over, then, for the same reason, the express companies, sleeping, dining, palace, and chair car companies, can not be said to operate franchises within the State, for it is common knowledge that these corporations do not either own or lease lines of railway, but have traffic arrangements" by which their rolling stock is operated over the lines of railroad corporations; and it would follow, therefore, that, although they are specially enumerated in the statute, they could not be assessed for a franchise tax.

Could it be said that the Adams Express Company does not operate its franchise in Louisville, because it reaches that city exclusively by means of "traffic arrangements" with various railroad corporations? Suppose, instead of having the "traffic arrangement" in question with the Louis-

**538**                KENTUCKY REPORTS.                [Vol. 117

Jefferson County v. Board of Valuation and Assessment of Ky.

ville & Nashville Railroad Company, from Louisville to Lexington, circumstances had been such that this great corporation would have been forced to reach Louisville from the State line over the tracks of the Louisville & Nashville Railroad Company, by an agreement similar to the one it now has from Lexington; then, under the reasoning of appellee in this case, it would not operate a franchise in the State at all. Neither the letter nor the spirit of the statute in question will admit of the construction sought to be placed upon it by the appellee. We think the Chesapeake & Ohio Railway Company operates its franchise in Jefferson county, and the arrangement it has with the Louisville & Nashville Railroad Company for the joint use of its line is a lease, within the meaning of the law.

The second contention of appellee is equally untenable as the first. Several years ago various railroad corporations, among which was the Chesapeake & Ohio Railway Company, instituted actions in the Franklin circuit court, seeking to enjoin the board of valuation and assessment from certifying any part of their franchises to various counties for local taxation. These cases were consolidated, and the petitions dismissed by the circuit court. An appeal was prosecuted to this court, and that judgment affirmed, in the case of the Southern Railway Company in Kentucky, etc. v. Coulter, Auditor. A careful reading of the opinion shows that these various corporations contended that their franchises were not liable to local taxation, for reasons not necessary to be here set forth. All of these propositions of law were decided adversely to them, and it was held that their franchises were liable to local taxation under the statute. The question raised in this case was not involved in that. The county of Jefferson was not a party to that litigation and the question as to whether or not it was entitled

to have its proportionate part of the franchise tax of the Chesapeake & Ohio Railway Company certified for local taxation was not, and could not have been, involved therein. What the court decided was that those counties then applying were entitled to tax the franchises of the corporations, but it was nowhere held, either by express language or implication, that any county not then applying was not entitled to tax them.     The court undertook to decide, and did decide, the rights of the counties then before it, but not the rights of any others.   There might be room for argument that the question involved in this case was adjudicated adversely to the railroad in the case cited, but not for the position that it was settled in its favor.

For these reasons, the judgment dismissing appellant's petition is reversed for proceedings consistent with this opinion.