CASE 36—ACTION BY AUDITOR'S AGENT AGAINST ADAMS EXPRESS CO.
TO RECOVER FRANCHISE TAX.—MAY 24.

# Commonwealth v. Adams Express Co.

APPEAL FROM MASON CIRCUIT COURT—JAS. P. HARBESON, CIRCUIT
JUDGE.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

TAXATION—CORPORATE FRANCHISE—OMISSION—VALUATION BY COUNTY
COURT—JURISDICTION—STATUTES.

Ky. St., 1903, secs. 4079, 4080, 4084, 4090, providing the man-
ner in which the board of valuation and assessment may deter-
mine the value of the franchises of corporations, and setting forth
the duty of the auditor in apportioning and certifying the valu-
ations to the county clerks of counties in and through which the
company exercises its franchise, do not provide the only method
under which the franchises of corporations may be assessed or
valued, in view of sections 4241, 4260, making it the duty of the
revenue agent to cause to be listed for taxes property omitted by
the board of valuation and assessment and other boards, and
providing that the county court shall have power to hear and
determine and fix the value of corporate franchises when omitted
by the board of valuation and assessment.

ALLAN D. COLE, ATTORNEY FOR APPELLANT.

The questions to be determined in this case are: (1) Whether
it was the duty of the auditor's agent to report under sections
4261 and 4262, Ky. Stats., the appellee as a delinquent to the
county court and (2) whether and to what extent the county
court has authority to assess said property?

Our contention is:

1. Since the law requires the agent by means of a statement
or information to the court, to cause to be assessed all prop-
erty in the county, omitted by the board of valuation and assess-
ment or railroad commission, and since the franchise of the cor-
poration must be valued as a unit there is necessarily implied if
not express power given him to report for valuation the prop-
erty of appellee company both within and without the county.

Commonwealth v. Adams Express Co.

The expression "all property in the county," when used in reference to a franchise, means all property in the county for the purposes of taxation.

2. That the word "assess" is used in two senses, first in the sense simply affixing the valuation, and second, sometimes in the more comprehensive sense of fixing the valuation whereby, as an immediate result, the tax under legislative enactment, becomes imposed.

3. The case here presented is not where the auditor's agent and the county court are attempting to make an assessment, but where they are attempting in the nature of a compulsory report to obtain evidence and furnish information to enable the board of valuation and assessment to determine finally the value of the franchise and to make the assessment. Com. v. Newell, Judge, 71 S. W., 5; Fleming, Clerk v. Sinclair 57 S. W., 370; L. & N. R. R. Co. v. Com., 1 Bush, 258; Same v. Same, 85 Ky., 208; Lincoln County v. L. & N. R. R., 3 R., 436; Ry. Co. v. Town of Bellevue, 49 S. W., 25; L. & N. R. R. Co. v. City of Barboursville, 48 S. W., 986.

W. H. WADSWORTH, FOR APPELLEE.

### CLASSIFICATION OF AUTHORITIES.

1. Appellant's appeal from the judgment of the Mason county court should have been dismissed. Sec. 4241, Kentucky Statutes; Com., &c. v. Newell, 71 S. W., 4.

2. The Mason county court could not assess the franchise as omitted property, for either State or county purposes. Louisville & Jeffersonville Ferry Co. v. Com., 57 S. W., 624; Sec. 4081, Kentucky Statutes.

3. The Mason county court could not make any preliminary assessment of appellee's franchise for either State or county purposes to be forwarded to the board of valuation and assessment at Frankfort for their action.

OPINION OF THE COURT BY JUDGE NUNN—REVERSING.

This proceeding was instituted in the month of August, 1902, in Mason county court, by F. S. Watson, then auditor's agent. It was, in substance, alleged in the statement and amended statements filed that appellee, Adams Express Company, had continuously since the year 1895 operated and done express business within the State of Kentucky and ex-

ercised its franchise therein; that appellee was a *quasi* public corporation, a common carrier for hire, and required by section 4077, Kentucky Statutes, 1903, to report and pay taxes on its franchise; that appellee's franchise in question, exercised by it during the years mentioned, extended throughout the States of Ohio, New York, and many other States of the Union besides the State of Kentucky; that the property sought to be assessed is but a fragment of the entire franchise owned and exercised by appellee in the United States; that appellee had, since the year 1895, continuously done business and exercised its franchise in Mason county, Ky., and in many other counties in the State, and the value of its franchise during each of the years named was $1,463,040, and in Mason county $26,000. It was also alleged that the appellee had failed and refused to report and list its franchise and pay any taxes thereon from the year 1896 up to and including the year 1902. The county court and circuit court on an appeal sustained a demurrer to the statements, and decided, in effect, that the franchise of appellee was not liable to be assessed for taxation by any court, but could only be assessed and made liable for the payment of taxes by the action of the State Board of Valuation and Assessment, which board is composed of the Auditor, Treasurer and Seccretary of State. Section 4077 of the Kentucky Statutes of 1903 provides in positive terms that an express company is liable to pay annually a tax on its franchise to the State, and a local tax thereon to the county, incorporated city, town and taxing district where its franchise may be exercised. In sections 4079, 4080, 4084, and 4090 is provided the way and manner in which the Board of Valuation and Assessment may determine the value of the franchise of corporations, and the duty of the auditor in apportioning and certifying the same to the county clerks of counties in and through which

the company exercises its franchise. It is contended by appellee that these statutes referred to provide the only method under and by which the franchises of corporations can be assessed or valued, and that the county court has not the power to fix a value on them for taxation. We can not agree with appellee in this. It is true, however, that this was the method provided by the Legislature for the valuation and assessment of franchises; but the Legislature, anticipating that the corporations might not make a report of the extent and value of their property to the Board of Valuation and Assessment as contemplated by that body, and also that the Board of Valuation and Assessment might be derelict in its duty with reference thereto, enacted sections 4241 and 4260. We quote so much of these sections as are applicable to the point involved. By section 4260 it is provided: "It shall be the duty of the revenue agent to cause to be listed for taxes, in the manner required by law, of the property in the county for which he may have been appointed which may have been omitted to be assessed by the Assessor, Board of Supervisors. Board of Valuation and Assessment or Railroad Commission, or any license tax which may be due to the Commonwealth. It shall be the duty of the revenue agents for the State at large to cause to be listed for taxes in the manner required by law of any property in any county, city or town of the Commonwealth which may have been omitted to be assessed by the Assessor, Board of Supervisors, Board of Valuation and Assessment or Railroad Commission, and it shall be the duty to enter proper motions and proceedings in any court of competent jurisdiction or before the State Board of Valuation and Assessment or Railroad Commission or other competent assessing authority, and cause the assessment to be made of any omitted property." This section makes it the

duty of the revenue agent to see to it that omitted property be valued and listed for taxation, and authorizes him to invoke the aid of any court of competent jurisdiction for that purpose. We quote so much of section 4241 as will help to elucidate the question before us: "It shall be the duty of the sheriff or auditor's (i. e., revenue) agent to cause to be listed for taxation all property omitted, or any portion of property omitted by the Assessor, Board of Supervisors, Board of Valuation and Assessment, or Railroad Commission, for any year or years. The officer proposing to have such property assessed shall file in the clerk's office of the county in which the property may be liable to assessment a statement containing a description and value of the property proposed to be assessed, and the value of corporate franchise, if any, and the name and place of residence of the owner, his agent or attorney, or person in possession of the property, and the year or years for which the property is proposed to be assessed." Upon which a summons against the owner may be issued to show cause why such property or corporate franchise shall not be assessed at the value named in the statement filed. This section also authorizes a trial of the question as to whether or not the property shall be valued and listed for taxation, and, if it be decided by the court that the property is liable to assessment, the clerk of the county court shall certify to the auditor of public accounts a description of the property and the amount of the assessment for taxation, together with the amount of the penalty and cost of the assessment. This section expressly provides that the county court shall have the power to hear and determine and fix the value of corporate franchises when the board of valuation and assessment has failed to perform this duty. It is admitted in this proceeding that the franchise of ap-

pellee was not reported for assessment to this board of valuation and assessment, and that the board had failed to assess it, and it was also admitted by the demurrer that the appellee had not paid any tax in this State on its franchise during any of the years named in the statement. It is evident that the General Assembly enacted these two provisions to meet just such a case as this one.

Appellee contends that this construction of the statute is erroneous, and gives as a reason that, if the construction be correct, it might be sued in every county in the State through which it operates its franchise; that the General Assembly did not intend or have thought of any such result. It was not the intention of the Legislature, in enacting these statutes, to authorize the county court in every county in the State to take jurisdiction and list and fix the value of a corporate franchise, but only intended that the county court in a county through which a corporation exercised its franchise should take jurisdiction and hear and deter-:mine this question, and the action of that court in any one county would settle and determine the valuation and assessment of that particular franchise. The county court first assuming would have jurisdiction, and an action in that court would be a bar to any action in any other county court in the State as to that particular franchise for the years named in the statement filed. This construction of the statutes obviates the appellee's fears of fragmentary taxation, as the clerk of the court having jurisdiction of the case is required to certify the value of the franchise, as fixed by the court, to the Auditor of the State, he being chairman of the board of valuation and assessment, and this board will apportion this assessment among the different counties in the State through which the franchise is operated.

For these reasons the judgment of the lower court is reversed, and the cause remanded for further proceedings consistent herewith.