CASE 31.—ACTION BY T. M. BOWMAN, SHERIFF OF LEWIS COUNTY, AGAINST THE CHESAPEAKE & OHIO R. R. CO. TO REQUIRE IT TO PAY CERTAIN OMITTED TAXES.—March 13.

## Commonwealth by, &c., v. Chesapeake & Ohio R'y Co.

Appeal from Lewis Circuit Court.

JAMES P. HARBESON Circuit Judge.

From the judgment the plaintiff appeals.   Affirmed.

Taxation—Franchise Tax—Apportionment—Remedy for Failure—
  Where the State board of valuation and assessment has fixed the valuation of the franchise of a railway company on its entire line in the State as authorized by Ky. Stats., 1903, section 4077, but has not, as required by the section, apportioned to a taxing district through which the road runs, the amount on which it is entitled to levy a local tax, as authorized by

section 4081, the taxing district's exclusive remedy is to require the board to make the apportionment.

A. D. COLE and A. B. COLE for Commonwealth.

W. H. WADSWORTH for appellee.

(No briefs, record misplaced).

OPINION OF THE COURT BY JOHN D. CARROLL, Commissioner—Affirming.

On February 14, 1904, the Commonwealth, by T. M. Bowman, sheriff of Lewis county, filed a statement in the Lewis county court, setting out that the Vanceburg & Stout's Lane Turnpike Road Company was created by an act of 1890, and that to enable it to build its road, there was levied by the act on all species of property, subject to taxation for State purposes, an ad valorem tax of 50 cents on each $100 worth of property, commencing with the year 1891 and continuing until the road should be completed. The act provided that the county court should in January of each year appoint two commissioners to ascertain and report the number of miles of railroad in the taxing district created by the act and the value thereof, and the county court should upon this report assess the property and certify same to the railroad company and that the taxes so assessed should be listed with the sheriff for collection; that the defendant company operates a road that runs through the district more than seven miles; that the turnpike is incomplete and unpaid for, and that the company had never at any time paid any taxes on its franchise within the district, for the use of the district, and that for the years 1891 to 1904, inclusive, it has wholly failed and refused, to list its franchise, or any part

thereof, for taxation for turnpike purposes, and that the same has been omitted for said purposes, by the county court and commissioners provided in the act, and by the board of valuation and assessment, and every other official, whose duty it is to assess railroad property for the purposes mentioned; that the defendant's franchise has been valued by the board of valuation and assessment for State purposes, at about $2,000,000; and that the franchise this defendant has used and operated within said district is reasonably worth $150,000 a year, and asks to have the franchise, for the use and benefit of the taxing district, listed as ommitted property. An issue was made by the pleadings in the county court, and a judgment rendered by the county judge adjudging that the defendant had failed to pay any taxes on its franchise, operated within the turnpike district, for the years 1899 to 1904, inclusive, and the court assessed the franchise as omitted property, and further adjudged, that the Commonwealth, by the sheriff, recover the amount of taxes enumerated in the judgment, aggregating, with penalties, several hundred dollars. The railroad company prosecuted an appeal to the circuit court properly, and the circuit court sustained a demurrer filed by the company to the statement; and the Commonwealth declining to plead further the court dismissed the proceeding, and the Commonwealth prosecuted an appeal to this court.

Under section 4077 of the Kentucky Statutes 1903 the State board of valuation and assessment is authorized to fix the value of the franchises of railroads and other corporations; the statute further providing, that such corporation shall in addition to other taxes, imposed by law, annually pay tax on its franchise to

the State, "and the local tax thereon to the county, incorporated city, town and taxing district, where its franchise may be exercised," and that the State board of valuation and assessment shall fix "the place, or places, where such local taxes are to be paid by other corporations on their franchises, and how apportioned, when more than one jurisdiction is entitled to a share in such tax." Sections 4078 and 4079 provide that corporations shall furnish certain specified information for the purpose of enabling the board of valuation and assessment to fix the value of the corporate franchise. Section 4081, among other things, declares: "That such corporate franchise shall be liable for taxation in each county, incorporated city, town or district through or into which such lines pass, or are operated, in the same proportion that the length of the line in such town, county, city or district bears to the whole length of the line in this State." Section 4084 provides that the auditor: "Shall certify to the county clerk of the counties when any portion of the corporate franchise of any such corporation, company or association shall be liable to local taxation as herein provided, the amount thereof liable for county, city, town or district tax; and such certificate shall be by each county clerk filed in his office, and be by him certified to the proper collecting officer of the county, city, town or taxing district for collection, and any city, municipal, school or other tax shall be due and payable, thirty days after the notice of the amount of such tax is given by the officer, whose duty it is to collect the same."

These sections of the statute relating to the taxation of franchises have been before this court a number of times. In the case of Southern Railway in

Kentucky v. Coulter, 113 Ky., 657, 68 S. W. 873, 24 Ky. Law Rep., 203, it was held that the franchise of railway corporations was liable to local taxation for the benefit of counties and taxing districts, and that it was the duty of the State board of valuation and assessment to apportion and certify to the several taxing districts the amount of franchise tax due by the corporation to them.  In Jefferson County v. Board of Valuation and Assessment, 117 Ky. 531, 78 S. W. 443, 25 Ky. Law Rep., 1637, the court decided that a county to which a railway corporation was liable for a franchise tax might maintain an action against the board of valuation and assessment to compel it to apportion and certify to the county its proportionate part of the franchise tax for local taxation.  In Commonwealth v. Adams Express Company, 118 Ky., 312, 80 S. W. 1118, 26 Ky. Law Rep., 190, a proceeding was instituted by an aduditor's agent to assess a franchise tax on the company, based on the ground that the company had not listed for any purpose with the State board of valuation and assessment or any other taxing authority its franchise for assessment, and that its franchise had not been assessed by any of these bodies. This court held that the action instituted by the auditor's agent could be maintained under section 4260, Ky. Stats. 1903, resting its decision upon the ground that the company had not reported to him, and its franchise had been totally omitted from assessment and taxation for all purposes by the State board of valuation and assessment.

In the case at bar it is alleged in the statement to which a demurrer was sustained, that the railway company has refused to list its franchise for

taxation for the district and that it has been omitted from assessment for such purpose by the State board and all other assessing officials, but that the franchise of the company has been valued by the State board of valuation for State purposes, at about $2,000,000. This statement evidently means that the franchise of the company upon its entire line in this State had been fixed at $2,000,000 by the State board of valuation and assessment, and it must be assumed that the franchise of the company had been assessed for the years mentioned by the State board of valuation and assessment. When this assessment and valuation of the franchise has been made by the State board against a corporation owing a franchise tax to any county or taxing district through which its line of road runs, it is the duty of the State board of valuation and assessment to apportion and certify to the county or taxing district the amount of franchise upon which it is entitled to impose a local tax; and, as ruled in the Jefferson county case before cited, the board may be compelled by mandamus to do this. If the Vanceburg & Stout's Lane Turnpike District is entitled to have taxed for its benefit its proportionate part of the franchise tax imposed on appellee by the State board it should make application to the State board of valuation and assessment to certify and apportion to it the value of the franchise on which it is entitled to impose a tax for its benefit. This remedy in cases like this, where the State board of valuation and assessment has assessed the value of the entire franchise of a corporation, is exclusive and furnishes a simple and expeditious method by which counties and local taxing districts can collect the taxes due

them upon that part of the franchise exercised by the corporation within their limits.  Vanceburg & Stout's Lane Co. v. Maysville R. R. Co., 117 Ky. 275, 77 S. W. 1118, 25 Ky. Law Rep., 1404

The judgment is affirmed.