CASE 98.—ACTION FOR TAXES BY THE DISTRICT OF
HIGHLANDS AGAINST THE CAMPBELL TURN-
PIKE ROAD COMPANY.—December 11.

# Campbell Turnpike Road Co. v. District of Highlands

Appeal from Campbell Circuit Court.

A. S. BERRY and C. W. YUNGBLUT, Successive
Judges

Judgment for plaintiff. Defendant appeals.—Re-
versed.

Taxation—Turnpike Franchises—Officers Entitled to Assess.—Act
March 16, 1886 (Laws 1885-86, p. 882, c. 317), section 2,
authorizes the board of trustees to appoint a special assessor
for a certain district. Section 3 (page 883) authorizes the
trustees to appoint three citizens as supervisors of the tax,
who shall examine the assessments and correct any error
and assess omitted property. Revenue Act Nov. 11, 1892
(Laws 1891-92-93, p. 299, c. 103), art. 3, section 1, subjected
a turnpike company to the payment of a tax to each district
in which its franchise was exercised, and provided that the
value thereof should be apportioned by the State Board of
Valuation. Section 2 (page 300) required a turnpike com-
pany to supply such board with data from which to deter-
mine the value to be apportioned. Act June 9, 1893 (Laws
1891-92-93, p. 990, c. 217), section 3, amended the latter act
so as to make the State auditor chairman of the State Board
of Valuation. Act March 22, 1894 (Laws 1894, p. 324, c.
107) constitutes the auditor, treasurer, and secretary of State
a board of valuation and assessment for fixing the value of
franchises, except as to a turnpike company, which is pro-
vided for in section 17 (page 326); such section being Ky.
St. 1903, section 4095, providing that a turnpike company shall
make reports to the several county clerks, which shall be

used by the board of supervisors of each county in ascertaining the value of the franchise of the road, which shall be added to the amount of tangible property assessed by the assessor.  Held, that the Legislature, by Revenue Act No. 11, 1892, art. 3, sections 1, 2, Act June 9, 1893, section 3, in amendment thereof, indicated an intent to have a turnpike franchise assessed by the State Board of Valuation, and that when it placed a like power in the county board of supervisors by Act March 22, 1894, section 17 (Ky. St. 1903, section 4095), it still indicated its purpose to have such assessment made by a central board, and that the power of assessing a turnpike franchise is vested in the county board of supervisors to the exclusion of the assessing officers of the district.

JOHN T. HODGE for appellant.

### AUTHORITIES CITED.

Acts of 1891-92-93, page 299, 990; Act of June 9, 1893; Acts of 1894, p. 324; Act of Nov. 11, 1892, p. 299; Ky. Stats., 4077; 31 Ky. Law Rep., 631; Act of March 22, 1894, p. 324; Act of March 15, 1906, p. 138; Act of March 19, 1898, p. 96; Ky. Statutes, 4095; 31 Ky. Law Rep., 1034.

SAM E. ANDERSON for appellee.

### AUTHORITIES CITED.

Sections 2 and 3 of the chapter of the District of Highlands; Ky. Stats., 4077; Frankfort, Lexington & Versailles Turnpike Co. v. Commonwealth, 82 Ky., 388; South Cov. & Cin. Ry. Co. v. Bellevue, 20 Ky. Law Rep., 1188; Ky. Stats., 4095; Board of Council, &c. v. Rarick, 19 Ky. Law Rep., 1415; Langdon-Creasy Co. v. Trustees Owenton, &c., 25 Ky. Law Rep., 823.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

The Campbell Turnpike Road Company owns and operates a turnpike road from Alexandria, the county seat of Campbell county, to the city of Newport.  The road is 12½ miles in length, two miles of which pass through the district of Highlands.  The entire road.

as well as the several taxing districts through which it is operated, is within the limits of Campbell county. The tax supervisors of the district of Highlands assessed the real estate owned by the Campbell Turnpike Road Company for the year 1906 at $12,000, and for the year 1907 for the same amount. It also assessed the value of its real estate at $300 for each of those two years. The board of trustees of the district of Highlands levied, for the year 1906, an ad valorem tax of 55 cents on each $100 of the assessed value of all property within the limits of the district, and an ad valorem tax of 55 cents on each $100 of the assessed value of all property within said district for the year 1907. The Campbell Turnpike Road Company declined to pay the taxes so levied on its franchise for the two years in question, and the district of Highlands instituted this action to recover the taxes, amounting to $207.45, and asked that a receiver be appointed by the court to take charge of said turnpike road and operate and control the same under the orders of the court, and collect and receive tolls therefrom and apply the same to the payment of plaintiff's claim. The defendant demurred to the petition, which demurrer was overruled, and judgment was rendered in favor of the plaintiff. From that judgment this appeal is prosecuted.

Prior to the overruling of the demurrer, that portion of the petition, which sought to recover taxes on the real estate owned by the Campbell Turnpike Road Company, was dismissed settled, and the question of the validity of that tax is not before us. The only question involved herein is whether or not the tax supervisors of the district of Highlands have authority, under the law to assess appellant's franchise. Section 2 of an act approved March 16, 1886 (Laws

1885-86, p. 882, c. 317), being a portion of appellee's charter, reads as follows: "The board of trustees may appoint as special assessor some competent citizen of said district, who shall hold his office during one year and until his successor shall qualify, who shall assess all persons and property liable to be assessed under the law and taxed in said district for district purposes." Section 3 of the same act provides: "Said board of trustees shall have the power to appoint three competent resident citizens of said district—supervisors of tax for said district assessment. The supervisors shall examine the assessments and correct any error, and if, in their opinions, any property listed has not been correctly valued, they shall fix a fair valuation of it; and they shall assess any property which may have been omitted by the assessor which ought to have been assessed." It is the contention of counsel for appellee that appellant's franchise is property, and is properly assessable by the assessor of the district of Highlands, and that the supervisors of tax of said district also have authority to assess it as omitted property. It may be conceded that appellant's franchise is property, and is subject to assessment. South Covington & Cincinnati Street Railway Co. v. Town of Bellevue, 105 Ky. 283, 20 Ky. Law Rep. 1184, 49 S. W. 23, 57 L. R. A. 50; Frankfort, Lexington & Versailles Turnpike Co. v. Commonwealth, 82 Ky. 386, 6 Ky. Law Rep. 391. It would therefore follow that appellee's assessor or supervisors of tax have the power to assess appellant's franchise, unless the Legislature has provided another method of assessment, or given that power to other tax officers.

By section 1, article 3, of the revenue act of November 11, 1892 (Laws 1891-92-93, p. 299, c. 103), turn-

pike companies were subjected to the payment of a tax to each district through or in which its franchise was exercised, and this section provides that the value of such franchises should be apportioned by the State Board of Valuation. Section 2 of that act required turnpike companies to supply this board with data from which to determine the value to be apportioned. By an act of June 9, 1893 (Laws 1891-92-93, p. 990, c. 217, section 3), section 1 of the above act was amended so as to make the State Auditor chairman of the board of valuation, and give him authority to convene the same. We think, by these enactments, the Legislature plainly indicated its purpose to vest the power of assessment of turnpike franchises in authorities other than the assessor or tax supervisors of the taxing district through which the turnpike ran. The law so remained until the passage of an act approved March 22, 1894 (Laws 1894, p. 324, c. 107), wherein it was provided: "The Auditor, Treasurer and Secretary of State are hereby constituted a board of valuation and assessment, for fixing the value of said franchise, except as to turnpike companies, which are provided for in section 17 of this article." Section 17, referred to, is section 4095 of the Kentucky Statutes, which is as follows: "All turnpike road companies in the State shall, by its president or chief officer, make out the reports required in this chapter, on blanks furnished by the Auditor, to the several county clerks of this Commonwealth, who shall furnish, upon application, these blanks to the president or chief officer of every turnpike in or passing through his county. The president or chief officer shall fill out these reports, showing the exact financial condition in detail of the road, the whole length of the road, and the length of the road in each county,

and shall annually, between the fifteenth day of Sep-
tember and the fifteenth of October, make and deliver
said report, verified under oath, to the county clerk
of every county in which the road or any part of it
may be located, and kept by said clerk as a public
record. These reports shall be used by the board of
supervisors of each county in ascertaining the value
of the franchise of each road, or part of a road, in
their county, and they shall add the amount, if any be
found, to the amount of tangible property assessed
by the assessor, and the amount as ascertained shall
be the whole amount of taxable value of said road.
The tangible property assessed by the assessor shall
be subject to the supervision of the board of super-
visors also. Any president or chief officer of a turn-
pike company who fails or refuses, or knowingly
makes any false statement in his report, shall be
deemed guilty of a misdemeanor, and for each offense
shall be fined not less than ten dollars nor more than
fifty dollars.''

Counsel for appellee insists that this section applies
only to State and county assessments, and that it was
not intended that the county board of supervisors
should make an assessment for district purposes, as
the act contains no provision making it the duty of
the board of supervisors to certify the value of a turn-
pike franchise to each district through which it runs.
That being true, the power to make the assessment
rests with the assessing officers of each particular
district. We are of opinion, however, that the failure
of the Legislature to provide that the county board of
supervisors should apportion the franchise tax to the
various taxing districts in the county did not vest the
district officers with the power of assessing the turn-
pike franchises. By the act of 1892, above referred

to, the Legislature plainly indicated its purpose to have such franchises assessed by the State Board of Valuation and Assessment. When it placed a like power in the county board of supervisors by the act of 1894, it still indicated its purpose to have such assessments made by a central board. Its failure to provide that the county board of supervisors should apportion the tax among the taxing districts does not, in our judgment, indicate that the manner of assessment provided by section 4095 was not exclusive. This act, although not as specific as those provisions conferring powers upon the State Board of Valuation and Assessment, simply substitutes the county board of supervisors for the State Board of Valuation and Assessment. We think the power of apportioning the franchise tax among the taxing districts may be fairly inferred from the fact that the county board of supervisors was to take the place of the State Board of Valuation and Assessment.

We therefore conclude that the method of assessing turnpike franchises, as provided by section 4095, is exclusive, and that the power of making such assessments is vested only in the county boards of supervisors Under this view of the case, we think it would be the duty of such county boards, upon application by the district authorities, to certify to each district the value of such franchise for taxation purposes in that district. Upon this assessment, each district may levy taxes within the limits prescribed by law. It follows that the assessment of appellant's franchise by the taxing authorities of the district of Highlands was unauthorized, and therefore invalid.

The judgment is reversed, and cause remanded, with directions to dismiss the petition.