## Campbell Turnpike Road Co. v. District of Highlands.

(Decided May 23, 1912.)

Appeal from Campbell Circuit Court.

Taxation of Turnpike Companies.—Under section 4095 of the Kentucky Statutes, the franchise of turnpike companies should be assessed and the tax apportioned by the county board of supervisors to the taxing districts which are entitled to any portion

of the franchise tax. But the county court may, under section 4241 of the Kentucky Statutes assess as omitted property the franchise of a turnpike company that has been omitted from assessment; and when an omitted franchise is so assessed by the county court, the board of supervisors may apportion the tax due the taxing districts on the omitted franchise as assessed by the county court.

JOHN T. HODGE for appellant.

SAM E. ANDERSON for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The District of Highlands is a public corporation in the nature of a municipal corporation created by the General Assembly of the State. It brought this suit in the circuit court of Campbell County, charging in substance that appellant turnpike road company in the years 1905-6-7-8-9 was the owner of a franchise to operate a turnpike road from Newport, in Campbell County, to Alexandria, in Campbell County, a distance of 12.5 miles, and during said years was operating said road and charging tolls thereon. That 2.44 miles of the turnpike was situated in and run through the District of Highlands, and that for each of the years mentioned the franchise of the company was omitted from assessment for taxation for the District of Highlands. The petition further averred that in January, 1910, the sheriff of Campbell County for the use and benefit of the District of Highlands filed his petition in the Campbell County Court, setting out therein that the franchise of the turnpike road company had not been assessed for the benefit of the district by any board or officer for the years named, and thereupon summons was issued against and served on the company, and in due time a judgment was entered by the Campbell County Court adjudging that the turnpike road company was in September of each of the years named the owner of property consisting of a franchise to operate a turnpike road between the points named of the fair cash value of $61,200; and that all of said property was omitted from assessment for taxation by the District of Highlands, by the Board of Supervisors, and each had every assessing officer and assessing board of the said county or State of Kentucky on each of the dates aforesaid, and that the taxes thereon are delinquent, and said court adjudged

to the sheriff a penalty of 20 per cent of said taxes for instituting said action.

It further averred that in January, 1910, the board of supervisors of taxes for the county of Campbell and State of Kentucky, then in session, issued a summons against the turnpike road company to appear before the board, and thereafter the board assesses the franchise of the defendant as of September, 1909, at $50,000, and apportioned said assessment, and the assessment made by the county court as aforesaid for the years 1905-6-7-8 to the District of Highlands at the rate of $4,896 per year for the years 1905-6-7-8 and at the rate of $4,000 for the year 1909, and thereafter the county clerk certified said assessment to the District of Highlands.

The petition further set out the levy of taxes for the District of Highlands for the years named, and sought judgment against the turnpike road company for the year 1906 $64.69 and the penalty of $12.94; for the year 1907 $71.70 and penalty of $14.42; for the year 1908 $71.70 and penalty of $14.42; for the year 1909 $65.58 and penalty of $13.12.

The turnpike road company, after entering a general demurrer, which was overruled, filed an answer, denying that the board of supervisors assessed at all the franchise of the company as of September 1, 1909.

With the record in this condition, a judgment was rendered in favor of the District of Highlands for the amount of taxes unpaid, but without any penalty, and from the judgment this appeal is prosecuted by the turnpike road company.

It is insisted on behalf of the turnpike road company that the Campbell County Court had no authority to assess its property for the benefit of the District of Highlands for the years 1905-6-7-8-9 or either of said years, and that the assessment of the board of supervisors for the year 1909 was irregular and insufficient. On the other hand, it is the contention of the District of Highlands that as the franchise was omitted from taxation, for the benefit of the District of Highlands for the years 1905-6-7-8 the county court had the right to assess it as omitted property, and that the board of supervisors was the proper authority to assess the franchise for the year 1909.

It appears from the record that in January, 1910, a judgment was rendered in the county court of Campbell county in a proceeding instituted in the name of the

Commonwealth by Joseph Deitz, sheriff, against the Campbell Turnpike Road Company. This judgment set out that the turnpike company was the owner of a franchise to operate a turnpike between Newport and Alexandria and further set out the value of the franchise for the years 1905-6-7-8-9, the number of miles of road in the county, and the length of the road in the District of Highlands and other taxing districts through which it run; and then recited that "all of said property was wholly omitted from assessment for taxation by the District of Highlands and the other districts herein set out by the board of supervisors of tax for Campbell County and by each and every assessing officer or assessing board of said county or of the State of Kentucky, on each of the dates aforesaid, and that the taxes thereon are delinquent. It is further adjudged that all said property be assessed against the defendant, the Campbell Turnpike Road Company as of each of the dates aforesaid at valuations named and that it be adjudged liable to the District of Highlands upon 2.44 miles at the rate of $4,896 per mile for the years 1905-6-7 and at the rate of $4,488 per mile for the years 1908, 1909, together with a penalty of twenty per cent due Joseph Dietz, sheriff of Campbell County, who instituted this action."

It is further shown by the orders made by the board of county supervisors at their meeting in January, 1910, that:

"Whereas, the Campbell County Court has assessed the franchise of the Campbell Turnpike Road Company as of September 15, 1905-6-7 at $61,200, and as of September 1, 1908-9, at $56,100; and whereas it appears that said road is about 12.5 miles long and 2.44 miles is situated in and that runs through the District of Highlands. * * * Now, therefore, we, the board of supervisors of tax for Campbell County do assess the said franchise at the value of $50,000 as of December 1, 1909, and do apportion said assessment and the assessment as made by the Campbell County Court as follows: To the Highlands District, 2.44 miles at the rate of $4,896 per mile for the years 1905-6-7, and at the rate of $4,488 for the year 1908, and at the rate of $4,000 for the year 1909."

It will thus be seen that the board of supervisors ignored the assessment of the county court for the year 1909, and made its own assessment of the franchise, and that for the years 1905-6-7-8 it adopted the assessments

made by the county court, and apportioned the amount due the Highlands District by the turnpike company for each of the years at the respective sums named in its order.

In Campbell Turnpike Road Company v. District of Highlands, 130 Ky., 812, in considering the power of the county board of supervisors to assess and apportion turnpike taxes to taxing districts, and in speaking of the act conferring this authority, we said:

"Its failure to provide that the county board of supervisors should apportion the tax among the taxing districts does not, in our judgment, indicate that the manner of assessment provided by section 4095 was not exclusive. This act, although not as specific as those provisions conferring powers upon the State Board of Valuation and Assessment, simply substitutes the County Board of Supervisors for the State Board of Valuation and Assessment. We think the power of apportioning the franchise tax among the taxing districts may be fairly inferred from the fact that the County Board of Supervisors was to take the place of the State Board of Valuation and Assessment. We, therefore, conclude that the method of assessing turnpike franchises, as provided by section 4095, is exclusive, and that the power of making such assessments is vested only in the county boards of supervisors. Under this view of the case, we think it would be the duty of such county boards, upon application by the district authorities, to certify to each district the value of such franchise for taxation purposes in that district. Upon this assessment, each district may levy taxes within the limits prescribed by law."

In Commonwealth v. Adams Express Company, 118 Ky., 312, the question before the court was the right of the county court to assess as omitted property the franchise of corporations that should be assessed by the State Board of Valuation and Assessment, and it was held that the county court had such authority.

In view of the broad language used in section 4241 of the Kentucky Statutes in reference to the assessment of omitted property, in which it is provided among other things that "it shall be the duty of the sheriff or auditor's agent to cause to be listed for taxation all property omitted or any portion of property omitted by the assessor, Board of Supervisors, Board of Valuation and Assessment, or Railroad Commission for any year or

years" we have no doubt that the county court had the authority to assess—as it did—as omitted property the franchise of the appellant company for the years 1905-6-7-8. We are further of the opinion that after it made this assessment, it was proper for the County Board of Supervisors to apportion—as it did—the assessment of the franchise made by the county court among the districts entitled to the franchise tax; and also proper for it to assess as an original assessment the franchise for the year 1909 and apportion it, as it did.

Wherefore, the judgment of the lower court is affirmed.