CASE 33—INJUNCTION—JANUARY 13.

# South Covington & Cincinnati Street Railway Co. v. Town of Bellevue.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

1. MUNICIPAL CORPORATIONS—TAXATION OF FRANCHISES—CONTRACT OF EXEMPTION—CONSTITUTIONAL LAW.—A contract made by the town of Bellevue releasing the appellant "from the payment of car license" and "from the payment of taxes of any and every kind

**284** **KENTUCKY REPORTS.** [Vol. 105

South Covington & Cincinnati Street Railway Co. v. Town of Bellevue.

except an *ad valorem* tax upon its real estate and personal property" in consideration of changing its motive power and for other considerations, was unauthorized, (1) because it was a violation of the charter of the town, and (2) because the new Constitution prevented such a contract even if it had been authorized by the charter.

2. Such a contract, if valid, would not prevent an assessment of appellee's franchise under section 4077 of the Kentucky Statutes.

SIMRALL & GALVIN for appellant.

1. The law taxing franchises for municipal purposes in unconstitutional and void. Constitution, secs. 171, 172, 174, 181; Louisville City Ry. Co., v. City of Louisville, 4 Bush, 478; Ky. Stat., secs. 4077, 4078, 4079, 4080, 4081, 4082, 4084 and 4087.

2. If the taxation of franchises for municipal purposes should be sustained, the proper proceedings have not been taken by appellee herein to assess and collect such taxes. Ky. Stat., sec. 3481, *et seq*.

3. Appellant, under its contract with the town of Bellevue is exempt from all taxation, except an *ad valorem* tax upon its tangible property. City of Newport v. Detroit City Ry., 76 Mich., 421.

M. HERROLD for appellee.

1. A municipal corporation can levy and collect an *ad valorem* tax on franchises. Secs. of Constitution, 172, 174, 181; Ky. Stats., secs. 4020, 4077, 2740, and sub-sec. 2 of sec. 3490; Constitutional Debates, 2 vol., p. 2692; Levi v. City of Louisville, 16 Ky. Law Rep., 872; Henderson Bridge Co. v. Com., 17 Ky. Law Rep., 389; Monroe. Savings Bank v. Rochester, 37 N. Y., 365; Frankfort, &c., Turnpike v. Com., 82 Ky., 386; Franklin County Court v. Deposit Bank, 87 Ky., 370; Illinois Railroad Tax Cases, 92 U. S., 575.

2. A reference to the revenue laws of the State includes the entire subject, embracing persons, property, and the manner of assessment and to adopt in relation thereto the revenue rules of the State. Dillon on Mun. Corp., sec. 772; Barret v. City of Henderson, 4 Bush, 255; Covington Gaslight Co. v. City of Covington, 92 Ky., 312; Anderson, &c., v. City of Mayfield, 14 Ky. Law Rep., 370.

3. The contract exempting appellant's franchise from *ad valorem* taxation is void. Miller v. Kirkpatrick, 29 Pa., 226; Sutherland

South Covington & Cincinnati Street Railway Co. v. Town of Bellevue.

on Statutory Construction, 328; 25 Am. & Eng. Enc. of Law, 157; 15 Am. & Eng. Enc. of Law, 1039; Cooley on Taxation, pp. 200 and 205 and notes; Dillon on Mun. Corp., secs. 317, 447 and 776; City of Louisville v. Board of Trade, 90 Ky., 414; Henderson v. City of Henderson, 14 Bush, 312; Murphy v. City of Louisville, 9 Bush, 189; Johnston v. City of Louisville, 11 Bush, 527; Trustees of Bellevue v. Hohn, &c., 82 Ky., 1; Craycraft v. Selvage, 10 Bush, 696.

SAME COUNSEL IN A SUPPLEMENTAL BRIEF.

1. Appellee's board of council had the power to assess the appellant's franchise for *ad valorem* taxation, the assessor having omitted to assess same. Ky. Stat., sec. 3542; City of Owensboro v. Callaghan, 13 Ky. Law Rep., 418.

2. Appellant can not complain that the value of its franchise was summarily fixed by appellee's board of council. C., N. O. & T. P. R. R. Co. v. Com., 81 Ky., 492.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The appellant instituted this action in ,the Campbell circuit court for the purpose of perpetually enjoining the appellee from collecting from appellant certain taxes, which it is alleged that appellee was illegally and unlawfully attempting to collect. The substance of the averments contained in the petition is that prior to the 26th of May, 1892, the appellant operated a horse railway between the town of Bellevue and the city of Newport, and none of the cars upon said road were operated between the town of Bellevue and the city of Cincinnati, but the passengers going from the town of Bellevue to the city of Cincinnati, or from Cincinnati to the town of Bellevue, were required to change cars in the city of Newport; that prior to May 26, 1892, appellant had the right to charge, and did charge, for the carriage of a passenger between the town of Bellevue and Fountain Square, in the city of Cincinnati, and between Fountain Square, and the town of Bellevue, at the rate of 10 cents cash fare, or three

tickets for 25 cents, each of said tickets entitling the passenger holding the same to one ride between said points; that it was deemed important for the interest of the town of Bellevue that a more rapid means of transit should be established between said town and the city of Cincinnati, for the convenience of citizens residing in said town of Bellevue, and that a less rate of fare for carrying passengers between said points should be charged and that plaintiff's cars should be so operated between Bellevue and Cincinnati as to avoid passengers changing cars in Newport; that on the 26th of May, 1892, for the purpose of inducing the plaintiff to change its horse cars into electric cars, and for the purpose of inducing this plaintiff to reduce its fare, and in consideration of the change by the plaintiff from the horse-car system to the electric-car system, and to obviate the necessity of changing cars at Newport, the town of Bellevue, on the said 26th of May, 1892, duly and regularly passed by its then board of trustees an ordinance entitled "An ordinance authorizing the South Covington & Cincinnati Street-Railway Co. to substitute electrical for animal power upon its street railway in the town of Bellevue." So much of the ordinance as is material is here copied, which is as follows: "In consideration of said reduction of fares between the town of Bellevue and the city of Cincinnati, and the city of Cincinnati and Bellevue, and in consideration of equipping said line with electric power, and so insuring rapid transit over said line, the South Covington and Cincinnati Street-Railway Company is hereby released from any and all obligations to keep any part of the streets occupied by its track in the town of Bellevue in repair, and is released from the payment of car license except as hereinafter provided, and from the payment

of taxes of any and every kind, except an *ad valorem* tax upon its real estate and personal property."

It is further alleged in the petition that appellant did change from the horse-car system to the electric-car system, and proceeded to discharge all the duties required by said contract. It is also alleged in the petition that the town of Bellevue has never, by ordinance or otherwise, provided for the levying of, or requiring the payment of, a franchise tax on the franchises of corporations doing business in, or exercising the rights and privileges of a franchise within the corporate limits of said town, and is without right, power, or authority to levy or collect a tax upon the franchise of plaintiff. It is further alleged that the said town of Bellevue is claiming and asserting the right, power, and authority to levy, assess, and collect said franchise tax from this plaintiff, under and by virtue of the terms and conditions of section 4077 of the Kentucky Statutes of the State of Kentucky, and an act of the Legislature of said State passed and approved March 22, 1894. The plaintiff says that said-act, and especially that portion thereof that provides that corporations, and especially street-railway companies, shall pay tax upon its franchise to each incorporated city, town, or taxing district in which its franchise is exercised, or in which it does business, is contrary and in direct violation of section 181 of the Constitution of Kentucky, and therefore void. It is also alleged that the same is in violation of its contract aforesaid, and therefore in conflict with the Constitution of the United States, because it impairs the contract aforesaid.

The appellant demurred to the petition, which demurrer was sustained to all the petition, except the allegation that the tax is levied and sought to be collected under sec-

**288**       KENTUCKY REPORTS.       [Vol. 105

South Covington & Cincinnati Street Railway Co. v. Town of Bellevue.

tion 4077 of the statute. We copy as follows from the opinion of the circuit court upon the demurrer in question:

'The town of Bellevue seeks to collect $295.95 on a valuation of $18,674.71, placed upon plaintiff's franchise; and plaintiff seeks to enjoin the collection thereof. Plaintiff relies upon a contract between it and the city, evidenced by an ordinance approved May 26, 1892, and the acceptance thereof; the material clause being, 'And is (the plaintiff being referred to) released from the payment of car license, except as hereinafter provided, and from the payment of tax of any and every kind, except an *ad valorem* tax upon its real estate and personal property.' When this contract was made, the city was acting under a charter enacted March 4, 1882 (section 12), which provides that the board of trustees shall not grant any special privilege to any person, corporation, or company, nor exempt any such person or persons from the payment of an annual tax. Section 45 is that the board of trustees of the town of Bellevue is hereby vested with power, by ordinance, to levy and collect an annual tax upon all real, personal, and mixed property within the corporate limits of the town of Bellevue, including bank stock, bridge stock, money in possession, notes, bonds of all kinds, except United States bonds, choses in action, improvements, and all real property whatsoever, not to exceed the sum of one dollar on each one hundred dollars' valuation on such real, personal, and mixed property in one year.

"Plaintiff contends that section 12, quoted, prohibits exemption of persons, but not corporations, from taxation, and, by construction thereof, exempts all corporations. Without following the argument made, it is sufficient to say that the word 'such,' used to qualify the word 'person

Vol. 105]          JANUARY TERM, 1899.          289

South Covington & Cincinnati Street Railway Co. v. Town of Bellevue.

or persons,' indisputably refers to, and makes a prohibi-
tion including, person, corporation, or company. The
words 'annual tax,' used in said section, refer to the tax
authorized by section 45, quoted above; and it may be well
argued that the sentence 'and all manner of property what-
ever' includes franchises.   It therefore seems to the court
that not only was the town of Bellevue not authorized
either expressly or by necessary implication to exempt
a person or corporation from taxation, but was expressly
prohibited from doing so, and that, therefore, the contract
affords no protection against the tax.

"Section 4077 of the Kentucky Statutes provides that
every * * * street railway company * * * shall, in
addition to the other taxes imposed on it by law, annually
pay a tax on its franchise to the State, and a local tax
thereon to the county, incorporated city, town and taxing
district where its franchise may be exercised, etc.

"Section 181 of the Constitution provides that the General
Assembly 'shall not impose taxes for the purposes of any
county, city, town or other municipal corporation, but may
by general laws confer upon the proper authorities thereof,
respectively, the power to assess and collect such taxes.

"Plaintiff says that defendant is claiming the right to as-
sess, levy, and collect tax under said section 4077, and that
said section is in conflict with section 181 of the Constitu-
tion.   If section 4077 imposes a tax for county or city
purposes, in so far as it does, it is unquestionably uncon-
stitutional; but it does not impose such tax. That section
is but a part of subdivision 1, article 3, of chapter 108
of the statutes, which provides a scheme for assessment
or valuation of franchises, and an apportionment among
the taxing districts in which the franchise may be exer-

[19]

**290** KENTUCKY REPORTS. [Vol. 105

South Covington & Cincinnati Street Railway Co. v. Town of Bellevue.

cised. There can not be an imposition of a tax without the amount or the rate being fixed, and no attempt is made to fix one.

"It is argued that section 181 provides for conferring upon the proper authorities of the counties, cities, etc., the power to assess, and that, therefore, such officer can not be empowered to assess franchises for county or city taxes. The fallacy of this argument lies in the meaning given to the word 'assess.' In the place used, it means to levy a tax, and does not mean the valuation of property for taxation. That the Constitution makers did not intend to forbid the valuation of property for local taxation by the State board is apparent from their continuing in force that method of valuation of railroads for taxation, and which is now in force. The plaintiff also contends that, under the Constitution, an *ad valorem* tax can not be levied upon the franchise; that all the Legislature may do is to authorize the imposition of license fees. This question will not be considered now, because of the conclusion of the court that section 4077 does not impose a tax. The demurrer to paragraphs 1 and 4 of the petition will be sustained, and the demurrer to paragraph 3, which charges that the taxation is levied and sought to be collected under section 4077 of the statute, will be overruled. The motion for an injunction will be retained until final judgment."

Appellee thereafter filed its answer, which may be considered a traverse of all the averments of the petition which tend to show a right to the relief sought. The answer shows that the appellee was entitled to levy and collect, for municipal purposes, an annual *ad valorem* tax, not exceeding 75 cents on every $100 on all property taxable by law for such purposes, and, in addition, 50 cents

on each $100 of such property for public schools, and
also to impose a penalty not exceeding 25 per centum of
the amount of its tax bill for failure to pay same on or
before the 1st of November of the year in which they were
made out; that, under the provisions of said act, said
board of council may list or assess for taxation all prop-
erty subject to taxation, if such property, for any reason,
has not been listed or assessed by this defendant's town
assessor; that on the 20th of June, 1894, the clerk of the
Campbell county court certified to this defendant's board
of council that the State Board of Valuation and Asess-
ment had fixed the value of plaintiff's franchise, within
the corporate limits of this defendant's town, at $18,674.71
for the purpose of taxation, and that said Board of Valua-
tion and Assessment had fixed the value of plaintiff's fran-
chise in this defendant's town at $18,674.71, for the pur-
poses of taxation by this defendant, and for purposes of
taxation by this State; and that, after the receipt of said
certificate, the board of council listed said franchise for
*ad valorem* taxation at the sum aforesaid, and entered and
listed said franchise property upon the books of its town
assessor for taxation, and directed the clerk of this defen-
dant town to make out its bill in accordance therewith;
that on the 20th of June, 1894, the said board of council
duly passed an order providing for the levy and collection
of an *ad valorem* tax for the year 1894 upon all real, per-
sonal, and mixed property within the corporate limits of
the town as listed or assessed by the assessor. The an-
swer further sets out all the technical steps required by
law, as well as alleging the amount of property owned by
appellant, and the purposes for which the various taxes
were levied. Copies of said ordinances are filed with the
answer.

**292** KENTUCKY REPORTS. [Vol. 105

South Covington & Cincinnati Street Railway Co. v. Town of Bellevue.

To the foregoing answer, appellant filed its demurrer, which was overruled by the court; and, no further steps being taken by the appellant, its petition was dismissed, and the injunction dissolved, and from that judgment this appeal is prosecuted. We copy as follows from the opinion of the court on the demurrer to the answer:

'The question now presented to the court is whether the town of Bellevue can levy an *ad valorem* tax on the valuation of plaintiff's franchise. Section 174 of the Constitution provides that all property, whether owned by natural persons or corporation, shall be taxed in proportion to its value, unless exempted by this Constitution; and all corporate property shall pay the same rate of taxation paid by individual property. Nothing in this Constitution shall be construed to prevent the General Assembly from providing for taxation based on income, licenses, or franchises. And section 181 also provides: 'The General Assembly may, by general laws only, provide for the payment of license fees on franchises, stock used for breeding purposes, the various trades, occupations and professions, or a special or excise tax; and may, by general laws, delegate the power to counties, towns, cities and other municipal corporations, to impose and collect license fees on stock used for breeding purposes, on franchises, trades, occupations and professions.'

That the State can collect an *ad valorem* tax on franchises was decided by the Court of Appeals in the case of Henderson Bridge Co. v. Com., 17 Ky. L. R., 389; [31 S. W., 486]. Section 174, above quoted, applies alike to the State and every taxing subdivision of it; and section 181 authorizes the same license fees to be collected by counties, towns, cities, etc., as is done by the State, except an excise or income tax. So

Vol. 105]     JANUARY TERM, 1899.     **293**

South Covington & Cincinnati Street Railway Co. v. Town of Bellevue.

that, if section 181 is a limitation on section 174 as to cities, as counsel for plaintiff contends, it is also a limitation as to the State for the same reason; but it is not either.

A franchise is property, and it must, under the Constitution, pay the same rate of taxation paid by other property. Stock used for breeding purposes is assessed, and an *ad valorem* tax is paid, and, in addition thereto, a license fee is charged by the State, and is paid, and the right to both has not, and can not be, successfully questioned.

There is no good reason why, under the provision of the Constitution quoted, a town or city having legislative authority may not both collect an *ad valorem* tax on the value of the franchise, and a license fee for the use of the franchise. The defendant seeks to collect an *ad valorem* tax on the assessed value of plaintiff's franchise. These views, the court believes, are in accord with the reason of the Chief Justice in the case Levy v. Louisville, 16 Ky. L. R., 872, (Ky.) [30 S. W., 973]."

It seems to us that the charter of the town of Bellevue, in May, 1892, at the time the alleged contract was executed, prohibited the appellee from making the contract claimed by the appellant; and, besides, the new Constitution was then in full force, which would also seem to prohibit the making of any such contract; and, for the two reasons, the contract, even if it attempted to exempt the value of appellant's franchise from taxation, would be null and void. But we are further of the opinion that a fair construction of the contract only exempts the appellant from the payment of a license tax or fee proper; that is a specific tax for the privilege, without regard to its value. Section 4077 of the Kentucky Statutes does not

levy a tax for such purpose, but merely fixes a basis for determining the value of certain franchises; and it is wholly immaterial, so far as this action is concerned, whether the town authorities of Bellevue were bound to adopt the State valuation as the value of the franchise for city taxation or not. But, as a matter of law, the valuation by the State board of the property was, in law, conclusive as to its value for city assessment. It appears from the answer that the city authorities, under and by virtue of the law, did assess and value the franchise at the sum named therein, and assessed the tax as provided by law. We think the reasons of the court below, as shown by the quotations from its opinions copied herein, are sustained by the law. Judgment affirmed. **Whole court sitting.**