# LOUISE SAXHAUG v. COUNTY OF JACKSON.[1]

## No. 33,507.

### June 25, 1943.

[1]Reported in 10 N. W. (2d) 722.

*Leo J. Seifert* and *Putnam & Carlson,* for appellant.

*E. H. Nicholas,* County Attorney, *F. B. Kalash,* and *Guy E. Mc-Cune,* for respondent.

PETERSON, JUSTICE.

On May 20, 1942, under Minn. St. 1941, § 278.01 (Mason St. 1940 Supp. § 2126-1), petitioner filed a petition in the office of the clerk of the district court of Jackson county to have determined the validity of a ditch assessment against her land which she claimed was illegal. The assessment was included in her taxes which were payable in 1942. Before filing the petition she paid 50 percent of the tax levied for that year against the land involved.

The land in question was benefited by and assessed for the construction of Consolidated Ditch No. 1 and Judicial Ditch No. 78. Petitioner paid this assessment. The ditch assessment in question purported to be one for the repair of said ditches and also of Judicial Ditch No. 64.

On July 24, 1941, the county board ordered that "repair assessments be levied against all lands originally assessed for the construction" of the ditches "as provided by Section 6840-53, Mason's Minnesota Statutes of 1927 as more particularly appears in a copy of said Order on file in the office of the County Auditor." At the trial the county auditor produced what purported to be the order referred to. The order recited that the accounts of the ditches in question were or would be overdrawn and that there were no funds available for the payment of the maintenance or repair of the ditches. It ordered "that an annual assessment be levied against

all the lands originally assessed for benefits in the proceedings for the establishment and construction" of the ditches in question "in a sum not to exceed Thirty (30) mills on each dollar of such originally assessed benefits, as provided by Section 6840-53, Mason's Minnesota Statutes, 1927."

The petition recites that, pursuant to the order, the county auditor levied an assessment against the lands of petitioner for the year 1941 payable in 1942 in the sum of $19.15 for Consolidated Ditch No. 1 and $4.10 for Judicial Ditch No. 78.

Numerous objections are made to the purported ditch assessment to the effect that the county board had no authority in law to make it; that the assessment was unauthorized because of the fact that there was to the credit of the ditches in question, available for use in making repairs, an amount in excess of three percent of the total original assessment of benefits; and that, because of the facts stated, the purported assessment was wholly illegal and void. The county contends that the objections cannot be raised in this proceeding and that the petitioner's exclusive remedy is either by appeal from the action of the county board or by writ of *certiorari*.

The court below sustained the contentions of the county and denied petitioner any relief. Petitioner appeals.

Under Minn. St. 1941, § 106.48, subd. 1 (Mason St. 1927, § 6840-53[a]), the county board has the power to keep in repair and free from obstruction any ditch so as to answer its purpose "without further assessment." Where the repairs consist only of cleaning out and repairing without any improvement other than restoring the ditch, the county board has the option either (1) under *Id.* subd. 2 (subsection [b]) to pay the cost out of the general revenue fund and reimburse the fund by apportioning and assessing the cost of such repair upon the lands originally assessed for benefits in the proceedings for the construction thereof in the same proportion as the original assessment for benefits, or (2) under subd. 3 (subsection [c]) to create a fund for such repairs by levying "an annual assessment" against the lands originally assessed for benefits of the construction thereof in the proceedings for the establishment

of the ditch "at a rate not exceeding 30 mills on each dollar of such assessed benefits as confirmed by the court or board in the original proceedings." State ex rel. Kolars v. County Board, 151 Minn. 274, 186 N. W. 709.

It is the duty of the county auditor "following the *levying* of such assessment" (italics supplied) to enter the amount thereof upon the tax lists against the lands affected, to be collected in the year following in the same manner as real estate taxes. To prevent abuse of power and to limit its exercise to present necessities, it is further provided: "Whenever the amount in the general ditch fund standing to the credit of any drainage system, available for use in making repairs, shall exceed 3 per cent of the total original assessment of benefits, no further assessment for the purpose of creating such fund for general repairs shall be made until such fund shall have fallen below said percentage."

It is the function and duty of the county board under subd. 3 (subsection [c]) to determine *the rate* of any assessment for ditch repairs. The words "not exceeding 30 mills" are in the nature of a ceiling on the amount of assessments beyond which the county board cannot go. As used in the statute, the words "not exceeding" are words of limitation. City of Kingsville v. Meredith (5 Cir.) 103 F. (2d) 279. The words denote uncertainty of amount. Stuyvesant Ins. Co. v. Jacksonville Oil Mill (6 Cir.) 10 F. (2d) 54. Such language imposes no duty to adopt the maximum rather than some lesser amount authorized. See Union Liquors, Inc. v. Finkel & Lasarow, Inc. 44 Cal. App. (2d) 706, 113 P. (2d) 19.

The statute, subject to the limitations therein contained, vests the county board with discretion to levy an assessment less than, but not exceeding, 30 mills. The assessment may be a fraction of a mill or it may be the full 30 mills, dependent on the amount required to be raised. Where there is an amount to the credit of the ditch fund available for use in making repairs, the county board is required to take it into consideration in fixing a rate so as to keep within the three percent limitation. The county board is required to exercise its discretion by determining the definite rate of a par-

ticular assessment. The language of the statute is that it shall *levy* an assessment *at a rate*. It is, therefore, mandatory that a particular rate be determined by the board.

The power to levy an assessment is a legislative one, and the levy of an assessment is a legislative act. Lien v. Bd. of Co. Commrs. of Norman County, 80 Minn. 58, 82 N. W. 1094; 17 Am. Jur., Drains and Sewers, p. 816, § 64. The word "levy" may refer to the exertion of governmental authority of exacting taxes by the exercise of legislative power or of extending and collecting them by the exercise of executive power. As applied to the determination to raise money by taxation, to levy a tax means to impose on persons or property by the exercise of legislative power a tax of a certain amount or of a certain percentage according to a determined tax base. State ex rel. Minneapolis F. D. R. Assn. v. City Council, 161 Minn. 103, 200 N. W. 932; State v. Lakeside Land Co. 71 Minn. 283, 73 N. W. 970. A legislative requirement that a tax shall be levied in a certain amount or at a certain rate must be strictly complied with. In re Cloquet Lbr. Co. 61 Minn. 233, 63 N. W. 628. In the cited case we held that a tax levy at a certain rate was invalid under a statute requiring any levy to be made in a certain amount. The rule with respect to general taxes is that a tax cannot be levied without fixing the rate or the amount as required by statute. State ex rel. Bennett v. State Bd. of Examiners, 40 Mont. 59, 104 P. 1055; South Covington & C. St. Ry. Co. v. Town of Bellevue, 105 Ky. 283, 49 S. W. 23, 20 Ky. L. Rep. 1184, 57 L. R. A. 50. 3 Cooley, Taxation (4 ed.) p. 2084, § 1031, says: "There cannot be an imposition of a tax without the amount or the rate being fixed. An undetermined tax is no tax in law." Likewise, an undetermined assessment is no assessment at all. The county board did not perform its duty and did not exercise its function of determining the rate of assessment. Therefore the assessment in question is invalid.

The order for the assessment left it to the county auditor to determine the rate of the assessment. The county board simply passed on to him the determination of a matter which was its sole

function and duty. The power to levy assessments for the construction and repair of ditches is a delegated legislative power. Dowlan v. Sibley County, 36 Minn. 430, 31 N. W. 517; 2 Dunnell, Dig. & Supp. § 2840. Being a delegated power, it can only be exercised by the body to whom the legislature has delegated it. The county board was without power to redelegate it to the county auditor or to any other functionary. 44 C. J., Municipal Corporations, p. 1313, § 4372.

■ It is, of course, elementary that a valid levy is essential to a valid tax or assessment. Where there is no valid levy the county auditor is unauthorized to supply the deficiency. The county auditor is without power to levy taxes and assessments. State v. Republic Steel Corp. 199 Minn. 107, 271 N. W. 119. In Township of Normania v. County of Yellow Medicine, 205 Minn. 451, 286 N. W. 881, we held that a county auditor is without power to levy a ditch assessment and that the inclusion by him of an assessment, not levied by competent authority, as part of the taxes spread against property was unauthorized and void. We pointed out that the county auditor's function is merely the mechanical or clerical part of computing ditch assessments regularly levied and of entering them on the records of the county against particular parcels of property. Consequently, the county auditor's act in the instant case added nothing to the county board's omission to levy an assessment. His action, as well as the board's, was void.

■ Petitioner was entitled to have determined in these proceedings the legality of the assessments spread against her property. The same defenses may be asserted by petition under Minn. St. 1941, § 278.01 (Mason St. 1940 Supp. § 2126-1), as were asserted formerly by answer under Mason St. 1927, § 2116 (Minn. St. 1941, § 279.15). The chief difference is that the taxpayer is required under § 278.01 to assert the illegality and to pay part of the taxes before they have become delinquent. In re Petition of Slaughter, 213 Minn. 70, 5 N. W. (2d) 64. The defense that the levy was illegal could be asserted by answer under the prior law. In re Cloquet Lbr. Co. 61 Minn. 233, 63 N. W. 628, *supra;* 6 Dunnell,

Dig. & Supp. § 9338, and cases in note 63. In the Cloquet Lbr. Co. case, we said that, where there was not a valid levy (61 Minn. 237, 63 N. W. 630), "the taxes were not assessed at all; that there is so wide a departure from the mode prescribed by the statute that it amounts to a failure to assess the tax." That is true here. There was no valid ditch assessment. Consequently, that fact could be shown in a proceeding to enforce the payment of what purported to be, but which was not in fact, a ditch assessment.

The petitioner's remedy was not by a prior review of the alleged assessment, either by appeal or by *certiorari*. The statute authorizing the assessment does not provide for an appeal. Hence that remedy was not open to petitioner. Neither does it provide for review by *certiorari*. Petitioner was not entitled to *certiorari*, not only because the remedy is not authorized by the statute, but also because a property owner's defense assailing on the merits the validity of an assessment can be asserted by him in the proceedings to collect it as part of his taxes. In State ex rel. Brown v. Board of Public Works, 134 Minn. 204, 205, 158 N. W. 977, we held that a landowner is not entitled to *certiorari* where he assails on the merits the validity of an assessment, because the proceedings to collect the assessment as part of his taxes afford him "an adequate remedy."

Objections to a ditch assessment that could have been raised in the ditch proceedings could not be interposed by answer under the prior, nor can they be by petition under the present, law. The rule is limited to those cases where the proceedings themselves afford the landowner a remedy, as they do by an appeal from an assessment in the proceedings for the establishment and construction of a ditch and in those for widening, deepening, and extending one. In re Delinquent Taxes, Aitkin County, 175 Minn. 206, 220 N. W. 608. The plain reason is that in such cases the statute not only provides the landowner a remedy in the ditch proceedings, but also provides for the confirmation of all assessments in the proceedings so as to impart to them finality as against objections that could have been asserted in the ditch proceedings. It is important to

keep in mind that the statute uses the word "repairs" with two meanings. As pointed out in State ex rel. Kolars v. County Board, 151 Minn. 274, 186 N. W. 709, *supra,* the statutes authorize two kinds of repairs, *viz.:* (1) Those for maintenance and restoration of the ditch as originally constructed, and (2) those for enlargement and change of the ditch by widening, deepening, and extending it. For the latter, substantially the same procedure is provided as for the original construction of a ditch. These include the giving of notice, the holding of hearings, the appointment of viewers, the assessment of benefits and damages, right of review by appeal, and for the confirmation of assessments. See *Id.* §§ 106.49 to 106.54 (§§ 6840-54 to 6840-60, as amended). The purported assessment involved here is of the former class. For such assessments no such procedure is provided. Consequently, the landowner's only opportunity to assert objections to their legality is in the proceedings to enforce payment thereof as delinquent taxes against his property. State ex rel. Brown v. Board of Public Works, 134 Minn. 204, 158 N. W. 977, *supra.* Where the landowner's right to object to an assessment has not been foreclosed by the prior proceedings, the statute permitting him to contest the validity of taxes by petition should be liberally construed to afford him relief not otherwise open to him. As said of the prior law in State v. Johnson, 111 Minn. 255, 260, 126 N. W. 1074, 1076:

"This section of the general tax laws is valid, and applies to the proceedings to enforce the collection of ditch liens. It must be liberally construed, for by its provisions every material right of the property owner is under the protection of the court, and he is held to have waived only such technical objections as go merely to the regularity of the proceedings and do not affect the merits of the tax."

In the instant case the landowner's objection goes to the merits. It is that the ditch assessment is entirely null and void. There having been no opportunity for a prior review (in fact there was nothing to review for lack of any assessment at all), petitioner is en-

titled to contest in these proceedings the validity of the alleged assessment.

Since the purported assessment is null and void, petitioner is entitled to judgment to that effect.

Reversed with directions to enter judgment that the ditch assessment in question is null and void.

UPON APPEAL FROM TAXATION OF COSTS.

On July 23, 1943, the following opinion was filed:

PER CURIAM.

The county appeals from the taxation of costs and disbursements in favor of petitioner by the clerk of this court. The question is whether the court can and should allow petitioner her costs and disbursements.

Minn. St. 1941, § 278.07 (Mason St. 1940 Supp. § 2126-7), so far as here material, provides:

"If the tax so determined shall be less than the amount thereof as levied, the court may, in its discretion, award disbursements to the petitioner, which shall be taxed and allowed and be deducted from the amount of the taxes as determined. If there be no judgment for taxes, a judgment may be entered determining the right of the parties and for the costs and disbursements as taxed and allowed."

It is clear that a successful petitioner may be awarded costs and disbursements under the statute. In the instant case petitioner was awarded judgment that the purported ditch assessment attempted to be collected as part of the taxes against her land was illegal. There was and could be no judgment for such taxes. Petitioner has been put to considerable expense in freeing her land from what was clearly an attempted illegal exaction. It is our opinion that the legislature intended that in such a case the petitioner should be allowed costs and disbursements.

The clerk's taxation of costs and disbursements is affirmed.