## Friedman et al. v. City Of Owensboro et al.

August 6, 1948.

Rehearing denied October 26, 1948.

David C. Brodie and John B. Anderson for appellants.

Ridley M. Sandidge and G. Wallace Thacker for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

Owensboro is a city of the second class, and is operating under the commission form of government. On May 11, 1948, the Board of Commissioners gave final enactment to an ordinance attempting to establish a levy of $1.30 per $100.00 of assessed valuation of taxable property for general governmental purposes for the fiscal year commencing June 1, 1948. In addition thereto it fixed the levy for the Board of Education of the City of Owensboro at $1.60 for school purposes. The levy for general governmental purposes exceeded the rate established in April, 1947, for the fiscal year commencing June 1, 1947, in the amount of 25c per $100.00 of assessed valuation of taxable property. The levy for school purposes was not increased, and was in accordance with the request of the Board of Education in both years. Appellants, John Friedman and J. I. Daily, as individuals and taxpayers, and for the benefit and on behalf of all other taxpayers of the city, filed this suit under Section 639a-1 to 639a—12, inclusive, of the Civil Code of Practice, for a declaration of their rights: to have the ordinance declared to be invalid, and the rate of taxation fixed by the City in April 1947 to be continued and declared to be in effect for the fiscal year commencing June 1, 1948. The Court sustained a demurrer to, and dismissed, the petition, and declared that that portion of KRS 92.370 which is pertinent to the question presented on this appeal, and which hereinafter will be copied, is violative of Section 181 of the Constitution of Kentucky; that by reason thereof, the ordinance passed by the Board of Commissioners on May 11 was valid and in full force and effect; that, even if KRS 92.370 is not in violation of, or in conflict with, Section 181 of the Constitution, the ordinance of May 11 is valid and effectively fixes the tax levy at the rate of $1.30 for city purposes and $1.60 for school purposes; and that the tax rate of $1.05 for city purposes levied for the previous year is not the valid or lawful ad valorem tax rate for the fiscal year of the City of Owensboro commencing June 1, 1948.

In so far as pertinent, Section 181 of the Constitution recites: "The General Assembly shall not impose taxes for the purposes of any county, city, town or other municipal corporation, but may, by general laws, confer on the proper authorities thereof, respectively, the power to assess and collect such taxes. * * *"

KRS 92.370 provides that in March, or as soon thereafter as practicable each year, the legislative branch of the city shall pass an ordinance specifically fixing the rate of, and levying, an ad valorem tax for the following fiscal year, and which as we have said in this case commenced June 1, 1948. That section further provides: "If the general council (Board of Commissioners) fails to levy an ad valorem tax before May 1 of any year, the ad valorem tax rate of the preceding year shall become the tax rate for such year, and shall be deemed to have been levied."

KRS 92.540 provides that the legislative body of any city of the second class "may by ordinance change the manner of assessment, levy and collection of taxes provided in this chapter, * * *."

Appellants insist that the Court erred in declaring the quoted part of KRS 92.370 to be in violation of Section 181, and by reason of such error erroneously adjudged the rate fixed in the ordinance of May 11, 1948 to be in full force and effect. Appellees insist that the quoted portion of KRS 92.370 is violative of Section 181 of the Constitution; but, if wrong in that contention, that the ordinance in question still is a valid enactment under the authority of KRS 92.540. In this connection, appellees argue that if there is a conflict in KRS 92.370 and KRS 92.540, the latter must predominate, because it originally was enacted in the year 1918, whereas the former originally was enacted in 1910. The last contention can be disposed of in few words. Irrespective of the dates of the original enactments of many provisions of the Revised Statutes previous to the 1942 session of the General Assembly, all were repealed at that session, and some, including both KRS 92.370 and 92.540, were reenacted at the same time. It thus becomes our duty to give each of these sections of the Statutes equal dignity and, if possible, reconcile the provisions of each with those of the other. It will be noted that

KRS 92.540 refers solely to the authority of the legislative body of a city of the second class to change the *manner* of assessment, levy, and collection of taxes, whereas the pertinent part of KRS 92.370 establishes the *time* at which a change in the levy, if any, may be made, so as to affect the ensuing fiscal year. Reading the sections together, we are of the opinion that the Legislature intended that the city may change the *manner* of assessment, levy, or collection of taxes at any time; but such change may not be given retroactive effect, and if any change be made in the levy for an ensuing fiscal year, the legislative body of the city must make the change prior to May 1 previous to the fiscal year to be affected. We deem this provision to be reasonable, because it is important for each of the departments of the city government to learn before the commencement of the fiscal year the amount of money which will be available to it to expend in the fiscal year; likewise it is important for the taxpayers to know the amount of taxes which they must pay, in the event that the city provides for, as in this case it has, a discount for payment of taxes in the month of May previous to the commencement of the fiscal year. Therefore, the sole question remaining for our determination is whether KRS 92.370 violates Section 181 of the Constitution.

The Statute complained of does not in any sense of the word levy a tax for the city, nor does it fix a rate at which a levy shall be made by the city. It recognizes the fact that a municipal corporation must levy taxes for municipal purposes, and upon that assumption and with full knowledge of that fact, it provides, in the interest of the municipality as a corporation and its inhabitants as well, that the rate must be fixed sufficiently in advance for all parties concerned to anticipate the collection and payments of taxes necessary to maintain the local government. The Legislature, realizing that local authorities, for one reason or another, may fail to exercise their discretion in respect to fixing the tax rate, provided that, if they did not change the rate in effect on May 1, such failure should be deemed to be a levy for the ensuing year at the rate adopted by the legislative body of the city for the previous year. Thus, it provided that a previous levy by the city, not by the General Assembly, shall be deemed to be a current levy

by the city which, as we have observed, can not be construed to be a levy by the General Assembly for a municipal corporation. The General Assembly has not fixed the rate at which the levy shall be made, and, as said in South Covington & C. St. Ry. Co. v. Town of Bellevue, 105 Ky. 283, 49 S. W. 23, 25, 57 L. R. A. 50: "There cannot be an imposition of a tax without the amount or the rate being fixed, * * *."

We conclude that the lower Court erred in sustaining a demurrer to the petition, and in declaring the tax rate for the City of Owensboro for city purposes to be $1.30, and in failing to declare it for that purpose to be $1.05. Since the rate fixed for the Board of Education is the same in either event, the judgment in that respect will not be disturbed.

Wherefore, the judgment is reversed, with directions that it be set aside and that another be entered in conformity with this opinion.