## Connecticut Student Loan Foundation
## v. Lewis Saul

### Appellate Session of the Superior Court

FILE NO. 1213

Argued May 19—decided August 5, 1983

*Bruce S. Beck,* with whom, on the brief, was *Kathleen Eldergill,* for the appellant (defendant).

*Christine M. Whitehead,* for the appellee (plaintiff).

DALY, J. The plaintiff instituted this action to recover money due on three promissory notes executed by the defendant. After a trial, the court rendered judgment for the plaintiff and ordered the payment of $2500 with interest at the rate of 7 percent per annum from January 1, 1975. The defendant has appealed.

The relevant facts are as follows: The defendant obtained three loans from the Union Trust Company, which were guaranteed by the plaintiff and for which the defendant executed interim promissory notes. One was for $1000 dated October 15, 1972, another for $500 dated January 25, 1973, and the last one for $1000 dated August 21, 1973. These loans were made under the college student loan program established by General Statutes §§ 10a-201 through 10a-207.[1] Each of these interim notes provided that the defendant would execute an installment note establishing a repayment schedule on the first day of the thirteenth month following the defendant's completion of the college program for which the loan was made. These notes also contained a provision that the maximum payment period from the date of the first loan would "not exceed fifteen years."

The defendant completed his undergraduate program in December, 1973, and hence became obligated on January 2, 1975, to execute an installment note setting forth the terms of repayment. In December, 1974, Union Trust forwarded a note to the defendant in the amount of $2500, bearing interest at 7 percent and providing for repayment in monthly installments over five years. The defendant failed to sign the note or to make any tender of payment. Union Trust declared the loans in default and assigned its interest in them to the plaintiff upon receipt of $2558.32.

In February, 1976, the plaintiff mailed to the defendant for his execution an installment promissory note for $2500 which provided for monthly payments commencing March 1, 1976, and extending for an eight year period. The defendant refused to execute this note also. The plaintiff thereafter initiated this action to collect the amount due on the loans which remained unpaid.

---

[1] Formerly General Statutes §§ 10-358 through 10-364.

The defendant first claims that the trial court erred in denying his motion to dismiss for lack of personal jurisdiction. Service of process was made upon the defendant in June, 1977, at his parents' home in Brookfield, Connecticut. The defendant then presumably filed a special appearance pro se on June 23, 1977.[2] He next filed his answer to the complaint, including a purported special defense, by letter dated August 1, 1977, to which the plaintiff filed its reply on June 12, 1978. On October 6, 1981, the defendant, through counsel, filed a motion to dismiss, claiming that service at his parents' home was inadequate to confer jurisdiction over him. The trial court denied the motion on the basis that the defendant had waived this claim by filing various pleadings in response to those of the plaintiff.

The pertinent rules of practice applicable when this suit was initiated were Practice Book, 1963, §§ 74 and 75 (now §§ 112 and 113) which listed the order of pleadings and provided that the failure to follow this chronology constituted a waiver of the right to file the specific pleading passed.[3] By filing his answer and special defense, the defendant thereby waived his right to contest the court's jurisdiction over him through a motion to erase the complaint (now a motion to dismiss).

---

[2] The record indicates that "special" was crossed out on the appearance form. The defendant claims that this was done by the court clerk without his knowledge.

[3] Practice Book, 1963, § 74 (now § 112) provided:

"The order of pleading shall be as follows:

"(1) Complaint, which shall be included in the mesne process.

"(2) Plea in abatement.

"(3) Motion addressed to complaint.

"(4) Demurrer to complaint.

"(5) Answer.

"(6) Motion addressed to answer.

"(7) Demurrer to answer.

"(8) Reply.

The defendant relies on *Coyne* v. *Plume,* 90 Conn. 293, 97 A. 337 (1916), in arguing that the filing of his answer did not constitute a waiver of his jurisdictional claim. His reliance is misplaced. In that case, the defendant filed a timely motion contesting the jurisdiction of the court. Although the defendant here protested the manner of service in a letter accompanying his appearance form, he never filed a motion upon which the court could rule until his motion to dismiss, which was filed three years after he answered the complaint.

The defendant next claims that the trial court erred in finding him in default on the three loans. At trial, he conceded that there exists an enforceable obligation to repay the $2500, but maintained in a special defense that he is entitled to a fifteen year payment period under the terms of the interim promissory notes. The burden of proof as to this affirmative defense was on the defendant. *Solari* v. *Seperak,* 154 Conn. 179, 184, 224 A.2d 529 (1966).

The relevant language of the interim notes provides: "I shall execute and deliver to the Lender an installment promissory note on the form prescribed by the Foundation for the payment of the balance then owing plus seven percent (7%) interest as above specified, in monthly installments and provided further that the maximum period of the loan from the date of the first loan does not exceed fifteen (15) years . . . ." The issue, therefore, involves the proper construction of the words "does not exceed."

"Further pleading shall be had, if necessary, until issue is joined."
Practice Book, 1963, § 75 (now § 113) provided:

"In all cases, when the court does not otherwise order, the filing of any pleading provided for by the preceding section will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section."

In construing a written contract, the ordinary meaning of the language must be followed unless a technical or special meaning is clearly intended. *Collins* v. *Sears, Roebuck & Co.,* 164 Conn. 369, 373, 321 A.2d 444 (1973). "The term 'not exceeding' is of frequent use, and, in the absence of qualification, is usually, if not always, one of limitation only. These words, when found in an insurance policy as a part of the statement of the amount of insurance, necessarily mean that the liability of the insurer shall not be more, but may be less, than the amount stated." *Stuyvesant Ins. Co.* v. *Jacksonville Oil Mill,* 10 F.2d 54, 56 (6th Cir. 1926). As used in a tax assessment statute, "[t]he words 'not exceeding 30 mills' are in the nature of a ceiling on the amount of assessments beyond which the county board cannot go . . . . Such language imposes no duty to adopt the maximum rather than some lesser amount authorized." *Saxhaug* v. *Jackson,* 215 Minn. 490, 493, 10 N.W.2d 722, 724 (1943). We conclude that the term "does not exceed" as used in the interim notes sets an upper limit to the repayment period, but does not obligate the lender to provide the defendant with the maximum period of fifteen years upon demand.

There is no error.

In this opinion BIELUCH and CIOFFI, Js., concurred.