James R. ANDERSON, et al.,
Petitioners, Respondents,

v.

COUNTY OF STEARNS,
et al., Appellants.

No. C6–94–420.

Court of Appeals of Minnesota.

July 5, 1994.

Review Denied Sept. 28, 1994.

Gerald, W. Von Korff, Rinke–Noonan, St. Cloud, for appellants.

Jeffry C. Braegelmann, Gislason, Dosland, Hunter & Malecki, New Ulm, for respondents.

Considered and decided by PARKER, P.J., and CRIPPEN, and PETERSON, JJ.

## OPINION

PARKER, Judge.

Respondent landowners were assessed for ditch repair proceeding costs after appellant Stearns County Board denied a repair petition. The landowners challenge the validity of the assessment. The district court determined that the landowners properly brought the matter under Chapter 278, the tax code, and granted summary judgment. Stearns County appeals. We reverse.

## FACTS

This appeal arises out of the Stearns County Board's (Board) assessment of costs incurred as a result of landowners' petition to repair Stearns County Ditch # 37. The facts are undisputed.

In 1916, Stearns County established Ditch # 37. At that time, the ditch's benefits to the adjacent properties were determined to be $46,041. In 1985, seven property owners (landowners) benefited by the ditch filed a repair petition with the Board.

The Board, acting as the drainage authority, requested an engineering report and, in

1986, conducted a hearing on the engineer's report. The engineer proposed three repair alternatives, all of which were considerably more costly than the $46,041 benefits figure. The Board found that this original benefits figure did not reflect the reasonable present day value of the benefited areas and that property not assessed for benefits for the ditch's construction was now benefiting from it. Therefore, the Board appointed three viewers to determine the benefits and damages and the areas benefited by the ditch. See Minn.Stat. §§ 106A.351, 106A.715, subd. 6, 106A.741, subd. 2, and 106A.021, subd. 1 (Supp.1985).

The Board held another hearing in 1989. At this hearing, the engineer presented an updated report. In addition, the viewers filed their report, which determined the benefits of the ditch to be $311,350. The Board took no action on the viewers' report.

Shortly after the 1989 hearing, the United States Army Corps of Engineers issued a Cease and Desist Order against Stearns County's repair of Ditch # 29. Because the issues in the two ditch cases were similar, the Board delayed any further consideration of the Ditch # 37 repair petition until it obtained final resolution of the issues in the Ditch # 29 litigation.

In 1992, following settlement of the federal lawsuit regarding Ditch # 29, the Board held a public hearing on the Ditch # 37 petition. The Board then issued an order denying the repair petition. The Board based the denial on its findings that the Corps of Engineers had clearly indicated that it would vigorously seek to prevent repairs of Ditch # 37 if dredged materials were deposited in wetlands and that the cost of repair would exceed the benefits. The Board determined that the accrued costs of the repair proceeding, including interest, totaled $111,437.62. The Board ordered this amount be assessed against the property originally determined to benefit by Ditch # 37 in proportion to the original assessed benefits.

The County Auditor notified the landowners of their repair assessment obligation. The landowners first filed a petition in tax court to contest the assessments under Minnesota Statutes chapter 278. Based on

its determination that the landowners' proper avenue for contesting the assessment was to appeal pursuant to Minnesota Statutes section 103E.095, subdivision 1, the tax court transferred the matter to district court. Both the Board and the landowners moved for summary judgment. The district court granted the landowners' motion, and denied the Board's motion. The court based the decision on a determination that the Drainage Code (Minn.Stat. §§ 103E.005–.811 (1992)) does not provide an appeals avenue for the landowners.

## ISSUES

I. Did the district court err by not dismissing the landowners' petition because Minnesota Statutes chapter 103E is the exclusive avenue for landowners to seek review of repair assessments arising out of drainage proceedings?

II. Was the appeal to this court timely?

## ANALYSIS

 When reviewing a grant of summary judgment, this court must determine whether there are any material issues of fact and whether the district court erred in its application of the law. Offerdahl v. University of Minn. Hosps. & Clinics, 426 N.W.2d 425, 427 (Minn.1988). The facts in this matter are not in dispute. The Board challenges the district court's construction of the Drainage Code. See Minn.Stat. §§ 103E.005–.811 (1992). We review the district court's interpretation of the law de novo. Sorenson v. St. Paul Ramsey Med. Ctr., 457 N.W.2d 188, 190 (Minn.1990).

### I.

The district court granted the landowners summary judgment based on a determination that the Drainage Code did not provide for an appeal from the Board's assessment of costs against them. The Board argues that the Code provides the exclusive avenue for such appeals. See Minn.Stat. § 103E.091 (1992) (providing for appeals); see also In Re Delinquent Taxes For 1921, 175 Minn. 206, 208, 220 N.W. 608, 609 (1928) (in a tax delinquency proceeding, defense that ditch con-

struction assessments were invalid was disallowed because all challenges to drainage proceedings must be brought under the applicable Drainage Code provisions). Accordingly, the Board argues that the court should have denied the landowners' summary judgment motion and dismissed their action brought under Chapter 278.

The Drainage Code states:

**Grounds for appeal.** A party may appeal to the district court from a recorded order of a drainage authority made in a drainage proceeding that determines:

(1) the amount of benefits;

(2) the amount of damages;

(3) fees or expenses allowed.

Minn.Stat. § 103E.091, subd. 1 (1992). The code also provides for appeals from orders dismissing drainage proceedings or establishing or refusing to establish drainage projects. Minn.Stat. § 103E.095 (1992).

The district court reasoned that the Drainage Code did not provide the landowners an avenue by which to appeal because the landowners were not challenging payment amounts, a benefit determination, or an order dismissing the repair petition. *See Saxhaug v. Jackson County*, 215 Minn. 490, 10 N.W.2d 722 (1943). In *Saxhaug*, a county board ordered a ditch repair and assessed all lands originally assessed for the ditch's construction. *Id.* at 492, 10 N.W.2d at 723. One landowner petitioned the district court under Chapter 278, the tax code, to determine the validity of the ditch assessment against her land. *Id.* The supreme court held that because the Drainage Code provided no right to appeal repair assessments claimed invalid, the landowners' only opportunity to object to the legality of the assessment was by petitioning under the tax code (Chapter 278) to stop enforcement of the ditch assessment. *Id.* at 497, 10 N.W.2d at 726.

In reaching this conclusion, the court distinguished between two types of repairs. *Id.* The court noted that the Drainage Code authorizes (1) repairs for maintenance and restoration, and (2) repairs in the form of enlargement. *Id.* The court further indicated that while for the second class of repairs the Drainage Code provided a procedure for

holding a hearing, appointing viewers, assessing benefits and damages, reviewing assessment by appeal, and confirming assessments, it provided no such procedure for the first. *Id.* The court found that the repair at issue was of the first class. It then concluded that because the Drainage Code provided no appeals procedure for such a case, the tax code was the landowner's exclusive avenue to challenge the repair assessment. *Id.*

Since *Saxhaug*, the legislature has amended the Drainage Code. The Code now defines minor repairs such as restoration and maintenance as "repairs," and major repairs such as enlargement as "improvements." *See* Minn.Stat. § 103E.701, subd. 1 (1992) (defining "repairs"); Minn.Stat. § 103E.215, subd. 2 (1992) (defining improvements). The amended Code contains the "procedure" the court referred to in *Saxhaug* for *both* classes of repairs. *See* Minn.Stat. §§ 103E.701–.745 (setting forth the procedure for "repairs" such as restoring); Minn.Stat. § 103E.215 (setting forth the procedure for "improvements" such as enlarging or deepening); *see also* Minn.Stat. §§ 103E.091 and .095 (setting forth the appeals procedures for orders resulting from each type of repair proceedings). Therefore, although this matter involves a "minor" repair, the Drainage Code now provides an avenue for such appeals and *Saxhaug* does not apply. *See id.*

This conclusion is supported by cases which have procedural postures indicating a party had appealed a drainage authority action with respect to repair petitions to district court under Minnesota Statutes section 106.631 (currently sections 103E.091 and 103E.095). *See, e.g., Petition of Zimmer*, 359 N.W.2d 266, 268 (Minn.1984); *Petitions of Dudek*, 244 Minn. 532, 534, 70 N.W.2d 329–330 under Minn.Stat. § 106.471 (1955); *Seidlitz v. Faribault County*, 237 Minn. 358, 360, 55 N.W.2d 308, 310 (1952).

■ In this case the Board's order provided (1) that the repair petition was denied, and (2) that the costs accrued during the proceeding were to be assessed against property originally determined to have been benefited. The landowners did not challenge the denial but, rather the validity of the fees and expenses assessed against them. Therefore,

we hold that the landowners were required to appeal the Board's order under Minnesota Statutes § 103E.091 and § 103E.095 and that the court erred by not granting summary judgment dismissing the landowners' Chapter 278 petition.

## II.

The landowners argue that even if the appeal is governed by Chapter 103E, we must dismiss the Board's appeal to this court as untimely. We disagree.

■ The landowners reason that if they improperly appealed to the district court under Chapter 278 and the district court should have dismissed the matter, the Board would have been required to appeal to this court within 30 days. *See* Minn.Stat. § 103E.091 (requiring filing of appeal within 30 days of order); *see also In Re Petition for Establishment of County Ditch No. 11,* 511 N.W.2d 54, 55 (Minn.App.1994), *pet. for rev. denied* (Minn. Mar. 31, 1994). They conclude that because the Board did not appeal within 30 days, we must dismiss the appeal as untimely. The landowners' argument is specious; in fact, the court did not dismiss, which precluded the Board from appealing an order to dismiss.

## DECISION

The Board's appeal was timely. The district court erred by determining the landowners properly brought their appeal pursuant to Chapter 278. The district court erred in denying the Board's motion for summary judgment.

**Reversed.**